JAMES ADAMS, EXECUTOR OF THOMAS LAW, DECEASED, AND HENRY MAY, ADMINISTRATOR OF EDMUND AND THOMAS LAW, APPELLANTS, *v.* JOSEPH E. LAW, BY HIS NEXT FRIEND, MARY ROBINSON.*

Where marriage articles, executed as an antenuptial settlement, recited the intention of the parties to provide a jointure for the wife, in lieu of dower, and then property was conveyed to a trustee, for the use of the husband for life, then for the use of the wife for life; and in case of the death of the wife during the lifetime of the husband, leaving issue of the said marriage, one or more children then living, then from, and immediately after the decease of the husband, upon trust for the child or children of the said intended marriage, this does not include grandchildren.

The wife having died before the husband, leaving no child alive, but only grandchildren, these did not take.

The cases examined. A motion to amend the decree and mandate of this court, so as to exclude the grandchildren from the distribution of the fund, as legatees, upon the ground that they had elected to renounce their interest under the will of their grandfather, and claim under the marriage settlement, overruled.

THIS was an appeal from the circuit court of the United States for the District of Columbia, holden in and for the county of Washington.

The opinion of the court states the marriage articles between Thomas Law and Elizabeth Park Custis, and the further history of the matter, up to the death of Thomas Law, in 1834.

In 1832, Thomas Law executed a will, in which he bequeathed $5,000 each to Thomas Law and Edmund Law, the sons of the late John Law, Esq., of Washington. These parties were represented by Henry May, their administrator, and one of the appellants. James Adams was the executor of the will.

He also bequeathed to a lad named Joseph Edmund Law, the son of Mary Robinson, the sum of $1,000. This was the complainant below, and appellee in this court.

In 1838, the above-named Joseph E. Law filed his bill in the circuit court, by his next friend, Mary Robinson, against Adams, the executor, praying that he might be ordered to invest the sum of $1,000, and pay the interest thereof to the complainant; and by an amended bill, prayed that Edmund and Thomas Law, Edmund Rogers, Eliza Rogers, and Eleanor Rogers, and the other heirs of Eliza P. Custis, together with sundry other persons, might be made parties.

In order to understand the position of the respective parties, it is proper to mention that the only child of the marriage between Thomas Law and Eliza P. Custis, was a daughter

* Mr. Chief Justice TANEY having been formerly consulted as counsel, did not sit on the trial of this cause.

named Eliza, who intermarried with Lloyd N. Rogers. Eliza Rogers died in the lifetime of her mother. At the time of these proceedings, Edmund Rogers and Eleanor Rogers were the only surviving children of Lloyd N. Rogers and Eliza, his wife.

On the 29th of December, 1832, during the lifetime of Thomas Law, Lloyd N. Rogers obtained from the orphans' court of Washington county, D. C., letters of administration upon the personal estate of Mrs. Elizabeth P. C. Law; and, as administrator, claimed the arrearages of the annuity of $1,500, payable to Mrs. Law, with interest thereon, from the periods respectively, when the said annuity became payable and was in arrears.

This claim arose in this way. On the 9th of August, 1804, Thomas and Eliza Law, being desirous of separating, owing to domestic differences, Law executed to George Calvert and Thomas Peters a deed of certain real estate, to secure, by way of mortgage, to his said wife, Eliza P. Law, an annuity during her life of $1,500, for her own separate use and benefit, the said real estate, at her death, to be reconveyed to Thomas Law and his heirs, clear of all incumbrances imposed by Calvert and Peters.

It should have been mentioned that, by a codicil to his will, Thomas Law bequeathed to his grandchildren, Edmund, Eliza, and Eleanor Rogers, five thousand dollars, with a provision, that it should be null and of no effect, if they should set up a claim under the marriage settlement.

All the parties being before the circuit court, an interlocutory decree was passed referring the case to the auditor, and James Adams was appointed trustee to sell the property, &c., &c.

The auditor made six reports, running from October, 1848, to September, 1852, on which day the last was filed. Exceptions were filed by Henry May, administrator of Thomas and Edmund Law, and also by Adams, the executor of the will. It is not material to state any other exceptions than those upon which the case came up to this court. These related to the two following claims : —

1. The claim of Lloyd N. Rogers, as administrator of Eliza P. Custis, the wife of the testator, amounting, in fact, to $29,249.33.

2. A claim of Edmund and Eleanor Rogers, grandchildren of Thomas Law and his wife Eliza P., $66,154.84.

If these claims should be admitted, the estate would be exhausted, and there would be nothing for the legatees.

In December, 1852, the circuit court passed a final decree, overruling the exceptions, and establishing, amongst other things, the two following orders : —

1. That the defendants, Edmund Law and Eleanor A. Rogers, as grandchildren of Mr. Law and children of Mrs. Rogers, take under the words of the deeds of 1796, 1800, and 1802.

6. That the administrator of Mrs. Law is entitled to the arrears of the annuity of $1,500, from the 9th of August, 1804, to the death of Mrs. Law, with interest.

From this decree, May and Adams appealed to this court.

It was argued by *Mr. Brent* and *Mr. May*, for the appellants, and by *Mr. Carlisle* and *Mr. Coxe*, for the appellees.

The reader will find references to the authorities in the opinion of the court.

Mr. Justice GRIER delivered the opinion of the court.

James Adams, the appellant, whose account, as executor of Thomas Law, deceased, was the subject-matter of the decree below, excepts to it for the allowance of the two following items : —

1. The claim of Lloyd N. Rogers, as administrator of Eliza P. Custis, the wife of the testator, amounting to the sum of $29,249.33.

2. A claim of Edmund and Eleanor Rogers, grandchildren of Thomas Law and Eliza, amounting to $66,154.84.

1. As the court is equally divided as to the legality of the first item, the decree must stand affirmed as to that amount, without further remark.

2. The claim of the grandchildren will require more extended notice.

This claim is founded on certain marriage articles, executed between Thomas Law, of the first part, Elizabeth Park Custis, of the second part, and James Barry, of the third part, on the 19th day of March, 1796. They recite that a marriage is intended between said Thomas and Elizabeth, and that "it is the wish and design of the parties that a jointure should be made to the said Elizabeth, in lieu and bar of all claim on the estate" of said Thomas, &c., &c. In consideration of the marriage portion-money, &c., the said Law conveys to James Barry certain real estate "to the said James Barry, his heirs, and assigns, forever, upon the trusts and to and for the uses, intents, and purposes following, that is to say: for the use of the said Thomas Law, his heirs, and assigns, until the solemnization of the said intended marriage, and afterwards to permit and suffer him, the said Thomas Law, to receive all the issues and profits of the said lands and premises, during the term of his natural life, for his own use; and immediately after the decease of the said Thomas Law, in case the said Elizabeth Park Custis shall

survive him, her intended husband, that she, the said Elizabeth Park Custis, shall have, accept, and receive the issues and profits of the said lands and premises, for and during the term of her natural life, to and for her own use and benefit; but in case the said Elizabeth shall depart this life in the lifetime of the said Thomas Law, leaving issue of the said marriage one or more children then living, then, from and immediately after the decease of the said Thomas Law, upon trust for the child or children of the said intended marriage, to be equally divided between them, if more than one ; to have and to hold the same lands and premises, as tenants in common in fee-simple, share and share alike ; and if only one child, then to such child, his or her heirs and assigns forever ; but in case there shall be no issue of said marriage, then, upon the death of the said Thomas Law and Elizabeth Park Custis, and the survivor or survivors of them, to revert back to the said Thomas Law, his heirs, or assigns, or subject to be disposed of by him by last will and testament, or other deed, as he may judge proper."

The marriage between the parties was solemnized in the same year. Afterwards, (in 1800,) Mr. and Mrs. Law joined in another deed, substituting Thomas Peters as trustee instead of Barry, and other property in place of that conveyed to Barry, but subject to the conditions and limitations of the marriage articles. And again, in 1802, another change was made in the property, subject to the same limitations. The daughter and only child of this marriage intermarried with Lloyd N. Rogers, and died before her mother, leaving children, the claimants, Edmund and Eleanor Rogers. Mrs. Law died in 1832, and the testator in 1834.

The only question for our decision is, whether the grandchildren, Edmund and Eleanor Rogers, took any thing by the deed of settlement ?

It is clear, from the face of this deed, that it is an executed marriage settlement, and that it must be expounded on legal principles applicable to other deeds. Limitations, either of legal or equitable estates, receive the same construction in a court of equity as in courts of law. "In executed trusts, whether by deed or will, the rule of law must prevail, and the apparent intention must give way to those fundamental rules, which for ages have served as landmarks in the disposition of property." 2 Spence's Equity, 131.

The trustee in this deed had no duty to perform ; and as the estate is not limited to his own use, the trusts are but uses, and are executed as such by the statute. The object and purpose declared by the parties are, to secure a jointure to the intended wife in lieu and bar of dower, and to release the marital rights

of the husband over the separate estate of the wife, in posses-
sion and expectancy. The settled property belonged entirely to
the husband. The estate limited to the wife is contingent on
her surviving her husband, in whom an estate for life is abso-
lutely vested. If the life-estate of the wife should vest by the
contingency of her survivorship, there is no provision for the
children or issue of the marriage, and the fee reverts to the right
heirs of the husband. The estate limited to the children of Mrs.
Law is a contingent remainder, depending on the event that
Mrs. Law shall "depart this life in the lifetime of said Thomas
Law, leaving issue of said marriage, one or more children then
living," &c.

Does this description include grandchildren? We think it
does not.

The word "issue" is a general term, which, if not qualified
or explained, may be construed to include grandchildren as well
as children. But the legal construction of the word "children"
accords with its popular signification, namely, as designating
the immediate offspring. See Jarman on Wills, 51. It is true,
in the construction of wills, where greater latitude is allowed,
in order to effect the obvious intention of the testator, grand-
children have been allowed to take, under a devise "to my sur-
viving children." But even in a will, this word will not be
construed to mean grandchildren, unless a strong case of inten-
tion or necessary implication requires it. Hence it is decided,
that a power of appointment to children will not authorize an
appointment to grandchildren. Robinson *v.* Hardcastle, 2 Bro.
Ch. 344; 4 Kent's Com. 345. In Reeves *v.* Brymer, it is said,
by Lord Alvanley, that "children may mean grandchildren when
there can be no other construction, but not otherwise." 4 Ves.
697.

The declared object of this deed is jointure, not a settlement
for the issue of the intended marriage; for there is no provision
made for them, in case the wife should survive the husband.
The contingency, also, on which this remainder depends, is not
the leaving issue generally of the marriage; but the "issue" to
whom the estate is limited are described and defined to be "one
or more children living," to be equally divided between them if
more than one, and, "if only one child, to such child, his heirs,"
&c. There is no provision for the issue of deceased children,
or for grandchildren, under any circumstances. The parties
have carefully defined what they mean by "issue," and the
court, in construction of their solemn deed, have no right to
distort its plain meaning, to meet contingencies not provided
for. It is an ancient and well-settled rule of construction, that,
"where a deed speaks by general words and afterwards descends

to special words, if the special words agree to the general words, the deed shall be intended according to the special words ; for, if the general words should stand without any qualification, the special words would be altogether void, and of no effect." 8 Rep. 307.

Hence, in the construction both of wills and deeds, where the instrument has not, so carefully as in the present case, limited the word "issue" to children living, &c., but where the term is used without qualification, and is in another part of the same instrument supplied by the word child, or children, as a synonym, the courts have uniformly restrained its signification to children.   Thus, in Carter *v.* Bentall, 2 Beav. 557, where the devise was a moiety to "issue" of his daughter, and, if only one child, then to such one child, and the trustee was ordered to lay out the dividends in the maintenance of such "issue," Lord Langdale, M. R., held that the word issue was thus explained by the testator to mean "children."

In the case of Loveday *v.* Hopkins, Ambler, 273, it was held that grandchildren were not entitled under a bequest to "heirs," because the term appeared, by the context of the will, to be used in the sense of children.

In Swift *v.* Swift, 8 Sim. 168, by marriage articles the jointure property was limited, after the death of the survivor, on the "issue" of the marriage living at the death, in equal share if more than one, and if but one, to go to such "child."   The only child of the marriage died before the contingency, leaving a child.   It was held that "issue" was to be construed "child," and the legacy did not vest in the grandchild.

It would lead to too great prolixity to examine particularly the very numerous cases in which similar language has received the same construction.   A reference to a few more directly in point will suffice.   Fitzgerald *v.* Field, 1 Russell, 430 ; Needham *v.* Smith, 4 Ib. 318 ; Ridgeway *v.* Munkittrick, 1 Drury and Warren, 84 ; Peel *v.* Catlow, 9 Sim. 373 ; Jennings *v.* Newman, 10 Ib. 223 ; Tawney *v.* Ward, 1 Beav. 563 ; Winn *v.* Fenwick, 11 Ib. 438 ; Campbell *v.* Sandys, 1 Schoales and Lefroy, 281.

Being of opinion, therefore, that the grandchildren took nothing under the limitations of the deed of marriage settlement, the decree of the court below is reversed, as to the allowance of $66,154.84, made to Edmund and Eleanor Rogers, and affirmed as to the residue ; and the record remitted, with directions to make distribution accordingly.

### Order.

This cause came on to be heard on the transcript of the record

Adams et. al. v. Law.

from the circuit court of the United States, for the District of Columbia, holden in and for the county of Washington, and was argued by counsel. On consideration whereof, it is the opinion of this court that the grandchildren took nothing under the limitations of the deed of marriage settlement; whereupon it is now here ordered, adjudged, and decreed by this court, that so much of the decree of the said circuit court as allows $66,154$\frac{81}{100}$ to Edmund and Eleanor Rogers be and the same is hereby reversed and annulled, and that the residue of the said decree be and the same is hereby affirmed, and that this cause be and the same is hereby remanded to the said circuit court, with directions to make distribution accordingly, and to proceed therein in conformity to the opinion of this court.

And it is further ordered and decreed by this court that the costs in this court be paid out of the fund by the trustee.

### After Order.

*Messrs. Brent* and *May* having, on a prior day of the present term, to wit: on Friday the 16th instant, filed a motion in the words and figures following, to wit:—

" The above appellants come here and move the honorable supreme court so to amend their decree and the mandate to be remanded thereon, as to declare that the grandchildren of the testator, Thomas Law, by reason of their election and renunciation as shown in the interlocutory decree of the circuit court, (see page 66 of the record,) are not entitled as legatees of said testator to participate in the distribution of the fund in controversy. And in making this motion, the appellants suggest that this question arises on the record in this court, and that it is the practice of this court to settle all questions apparent on the record, to prevent future appeals, and especially where, as in this case, the effect of the election and renunciation only becomes material in carrying out the decree of this court, disallowing the claim which the appellees elected to abide by; all of which is respectfully submitted. ROBERT J. BRENT,

H. MAY, *for appellants.*"

And the court having duly considered the same, Mr. Justice M'LEAN announced the following decision thereupon, to wit:

" The court hold that the pleadings in the case do not embrace the point stated in the above motion. The heirs referred to, the children of Mrs. Rogers, having relinquished all claim under the will, and claimed under the deed of settlement, the court held they were not entitled to any part of the estate under the deed of settlement, on a construction of that instrument. Under these circumstances, whether they can claim as distributees of the general estate, is a question not considered by the court. The motion is therefore overruled."