KINGS COUNTY.—HON. ABRAHAM LOTT, SURROGATE.—July, 1886.

MATTER OF CORNELL.

*In the matter of the estate of* CATHARINE CORNELL, *deceased.*

The word "issue," when used in a will, as designating substituted beneficiaries, with naught in the context to restrict its meaning, extends to remote descendants of the ancestors indicated, and is not confined to their children.

CONSTRUCTION of decedent's will, upon the judicial settlement of the account of the executor thereof.

The sole dispositive clause in the will was as follows: "I give, devise and bequeath all my estate, real and personal, unto my brothers who shall survive me, and to the issue of such of my brothers as have heretofore died or may hereafter die, each brother to take one share, and the issue of each deceased brother one share, and to their heirs, executors, administrators or assigns forever."

At the time of the execution of her will, decedent

had (1) brothers, and (2) nephews and nieces, children of deceased brothers. She left, her surviving, (1) brothers, (2) nephews and nieces, children of deceased brothers, and (3) grandnieces and grandnephews, offspring of deceased children of deceased brothers. The question was whether the more remote issue took under the will.

J. W. OSBORNE, *for executor :*

Contended that "issue" meant "children"; and cited Palmer v. Horn (84 *N. Y.*, 516); Murray v. Bronson (1 *Dem.*, 217); Taft v. Taft (3 *id.*, 86); Kirk v. Cashman (3 *id.*, 243).

PEABODY, BAKER & PEABODY, *for grand nieces and grand nephews :*

Cited Murray v. Bronson (1 *Dem.*, 217); Scott v. Guernsey (48 *N. Y.*, 106); Lynes v. Townsend (33 *id.*, 218); Low v. Harmony (72 *id.*, 408); Rowe v. Underhill (4 *Hun*, 130); Matter of Brown (95 *N. Y.*, 295).

JAS. H. GILBERT, *and* SAMUEL D. OSBORNE, *for grandnieces and grandnephews.*

THE SURROGATE.—The words, " I give, devise and bequeath all my estate, real and personal, unto my brothers who shall survive me, and to the issue of such of my brothers as have heretofore died or may hereafter die," without anything restricting the meaning of the word " issue," should, I think, be held to include the descendants of a deceased brother.

It is not reasonable to impute to the testatrix an intention to exclude wholly from the inheritance the descendants of either of her brothers (Matter of

Brown, 93 *N. Y.*, 295), and I think, therefore, that it is a true construction of the will, and that it was the intention of the testatrix that her estate should be distributed, *per stirpes,* among her brothers and the descendants of deceased brothers.