EDWARD D. PEARCE *et al.,* Executors, *vs.* JAMES H. RICK- ARD *et als.*

Testamentary gift in trust for S. during her life and at her death the trust fund to be paid, transferred and delivered "to the lawful issue of the said S. then alive:"

*Held,* that the trust fund was to be distributed *per capita* among the children and grand children of S. who were alive at the death of S.

The trust fund consisted of eighteen shares of bank stock; the children and grand children were eleven in number

*Held,* that the stock should be sold and the proceeds distributed.

Meaning of the word "issue" when applied to testamentary distributees.

BILL IN EQUITY for instructions.

*January* 14, 1893.    TILLINGHAST, J.    This is a bill in equity for instructions as to the distribution of certain personal estate bequeathed to the complainants' testator by one Mary E. Helme, in trust for the benefit of Sarah.C. Rickard, for her life, and at her decease to be paid, transferred and delivered over to "the lawful issue of the said Sarah C. Rickard, then alive."

The bill sets out that Mary E. Helme, formerly of the city of Providence, in this State, died there leaving a last will and testament dated January 1, 1844, which was, on the thirtieth day of January, 1846, admitted to probate by the Municipal Court of said city, and now remains of record there and in full force, by which, among other things, she bequeathed to said Edward D. Pearce, senior, the sum of one thousand dollars, in trust, in the following language, viz :

"*Third.*    I give, devise and bequeath to Edward D. Pearce of said Providence the sum of one thousand dollars in special trust for the use and benefit of my relative Sarah C. Rickard wife of George Rickard of said Providence, for him the said Edward D. Pearce to invest in permanent bank or other stock, or in such other manner as he may deem prudent, and to superintend and collect the income and profits of the same, and, after deducting all taxes and expenses from the income and profits of said trust property, to pay over the balance as often as once in each year, to said Sarah C. Rickard upon her sole and separate receipt therefor, and for her sole use and benefit for and during her natural life ; and at the time of her decease the said Edward D. Pearce shall pay, transfer and deliver over the said trust property then remaining to the lawful issue of the said Sarah C. Rickard then alive."

The bill further sets out that said Edward D. Pearce, senior, accepted said trust and, at the time of his death on

the twentieth day of January, 1883, held the said trust property invested and standing in his name as trustee in ten shares of the capital stock of the National Pacific Bank of Pawtucket, and eight shares of the capital stock of the Fifth National Bank of said Providence, and that said stocks have come to the possession of the complainants as executors of his will and are held by them under and for the purposes of said trusts.    That said Sarah C. Rickard died on the sixteenth day of November, A. D. 1891, having had and received all of the income of said trust property during her life as provided in the said will of Mary E. Helme and leaving as her lawful issue at her death James H. Rickard, Sarah H. Randall, George S. Rickard and Elizabeth Estelle Rickard her children ; and grand children, four children of the said James H. Rickard and three children of the said George S. Rickard, and that these her said four children and seven grand children were all of the issue of the said Sarah C. Rickard who were living at the time of her death.    That the complainants are desirous that said trusts should be executed and said trust property divided out and distributed as provided therein, but questions have arisen as to how the same shall be done, and whether said stocks shall be transferred directly into the names of the said issue of Sarah C. Rickard or shall be sold and the proceeds thereof divided among said issue, and in either event in what proportions the said issue are entitled to the same.

The bill prays for instructions in the premises.

The answer of the respondents, Jonathan C. Randall, Sarah H. Randall, his wife, and Elizabeth E. Rickard, admits the allegations contained in said bill, and claims that the intention of the testatrix, Mary E. Helme, was that the issue of Sarah C. Rickard, upon the decease of said Sarah, should take the trust estate in said bill mentioned, *per stirpes,* and not *per capita,* and that therefore they, being each, one of the four children of said Sarah C. Rickard living at her decease, are entitled to have and receive one fourth each, of said trust fund, and were so entitled at and upon the death of their said mother Sarah C. Rickard, under the said will of said

Mary E. Helme. Said James H. Rickard and George S. Rickard have entered no appearance in the case.

The answer of the other respondents, viz., James H. Rickard, George W. Rickard, Alice B. Rickard, Mary E. Rickard, Alexandria Rickard, Everett B. Rickard and Hortense Rickard, the same being the grand children of said Sarah C. Rickard, and all being minors and appearing by their guardian *ad litem*, Thomas C. Greene, Esq., simply submits their rights and interests in the matters in question, to the care and protection of the court.

The main question raised by the pleadings, therefore, is, whether the word "issue," as used in the clause of said will above quoted, should be restricted to the children of said Sarah C. Rickard, all of whom, it is to be observed, are still living, or should be construed to include her said grand children also.

There is some conflict of judicial authority regarding the signification of the word "issue" when used in a will, where nothing appears to limit the legal import thereof, some authorities holding that in such case the word is synonymous with child or children, while others hold that it is a word of purchase and not of limitation, and hence includes all the descendants in being at the time the term becomes operative.

The cases in England upon this subject, are very unanimous in support of the doctrine that the word "issue," unconfined by any indication of intention, includes all descendants, and that intention is required for the purpose of limiting the sense of that word, restraining it to children only. *Leigh* v. *Norbury*, 13 Ves. Jun. 340 ; *Cook* v. *Cook*, 2 Vernon, 545 ; *Bernard* v. *Montague*, 1 Meriv. 422, 434 ; *Hayden* v. *Wilshere*, 3 Term Rep. 372 ; *Hockley* v. *Mawbey*, 1 Ves. Jun. 143, 150 ; *Davenport* v. *Hanbury*, 3 Ves. Jun. 257 ; *Carter* v. *Bentall*, 2 Beav. 551 ; *Freeman* v. *Parsley*, 3 Ves. Jun. 421 ; *Slater* v. *Dangerfield*, 15 M. & W. 263 ; *Pope* v. *Pope*, 14 Beav. 591, 594 ; 11 Amer. & Eng. Encyc. of Law, 870, Tit. "Issue Includes Descendants," and cases cited. See also 1 Jarman on Wills, 89 ; 2 Williams on Executors, 999 ; 2 Redfield on Wills, 2d ed. 35 *et seq.*

And while the later English cases seem to manifest a bias on the part of the courts against so broad a construction of the word issue, by engrafting a great number of exceptions upon said rule, and by seizing upon very slight indications of an intention on the part of the testator, to limit the meaning of said term, yet we find no English case which assumes to lay down a doctrine contrary to the general rule as above stated.

In this country, while the decisions are not so uniform as those in England in support of said rule, yet the decided preponderance of authority is in favor thereof.

The case of *Wistar* v. *Scott*, 105 Pa. St. 200, 213, is a good illustration of the class of cases which adopts said rule. In that case after devising "Prospect Hill" lot to his daughters Catharine and Sarah " for and during all the term of their natural lives and the life of the survivor of them," the testator disposed of the estate in remainder in the following words: " And from and immediately after the decease of the survivor of them, I give the same unto the male issue, then living, of my said son Richard, their or his heirs and assigns in fee; but if no such issue shall then be living, in such case I give the same unto all the children of my said daughters Catharine and Sarah and my son Richard, their heirs and assigns, in equal parts, according to the number of them." In construing this provision of the will the court said : . "The word 'issue' in a will, *primâ facie*, means the same as heirs of the body, lineal descendants indefinitely, and is to be construed as a word of limitation; but the *primâ facie* construction gives way if there is anything on the face of the will to show that the word was intended to have a less extended meaning, and to be applied to children only, or, as in this case, to lineal descendants of a particular class in being at a specified time. *Slater* v. *Dangerfield*, 15 M. & W. 263. The phrase 'male issue of my son Richard then living,' is a *descriptio personarum*, designating the class of persons to whom the remainder in fee was given upon the termination of the particular life estate; and the question is, who composed that class when the survivor of testator's two daughters died,

September 21, 1866; in other words, who, according to the true interpretation of the will, were the male issue of testator's son Richard living at that time? . . . . When, as in the present case, the word is manifestly used as descriptive of the devisees, and is also restricted to such issue as shall be living at a specified time, it is always construed as a word of purchase, embracing all lineal descendants of the person named, in being at the time so specified, unless it clearly appears from the context that the testator intended otherwise." See also *Robbins* v. *Quinliven*, 79 Pa. St. 333, 335; *Weehawken Ferry Co.* v. *Sisson*, 17 N. J. Eq. 475, 484, 486; *Ward* v. *Stow*, 2 Dev. Eq. N. Car. 509; *Weldon* v. *Hoyland*, 4 De G., F. & J. 564; *Jackson* v. *Jackson*, 153 Mass. 374; 2 Williams on Executors, 1197 and note on p. 1198; Hawkins on Wills, 87, Tit. "Issue;" Jarman on Wills, ed. of A. D. 1881, 101. In Massachusetts it is provided by statute that "The word 'issue,' as applied to the descent of estates, shall include all the lawful lineal descendants of the ancestor." Pub. Stat. of Mass. cap. 3, § 3.

The Court of Appeals of New York while manifesting considerable dissatisfaction with the construction put upon the word "issue," by the English courts, and an inclination to look for something in the context of the testator's will, which will take the case out of the rule aforesaid, yet recognize the binding force of the adjudged cases as to the primary meaning of said word. See *Palmer* v. *Horn*, 84 N. Y. 516, 518, and cases cited.

The counsel for the two of the children of said Sarah C. Rickard, has cited, amongst others, the last named case, and also the case of *Taft* v. *Taft*, 3 Demarest, 86, in support of his contention that the word "issue" should be limited to children. The first named case is against him, while the last, though fully sustaining his position, and so far as we are able to ascertain, not having been overruled, yet as it professes to follow *Palmer* v. *Horn*, *supra*, while in fact it decides precisely to the contrary thereof, we do not think it entitled to very much weight. The Surrogate evidently misconceived the purport of *Palmer* v. *Horn*, and while follow-

ing the spirit thereof, clearly mistook the letter, as in that case, the court found from indications in the will, that the testatrix used the term " issue " as synonymous with children, and that by the word " children," she had herself interpreted the word " issue."

*Taft* v. *Taft* was decided by the Surrogate of Kings county in 1885. The Surrogate of New York county, in 1883, on the contrary, in *Murray* v. *Bronson*, 1 Demarest, 217, in a very elaborate opinion, in which he reviewed at length the English and American decisions bearing upon the proper construction of the word issue, fully recognized the binding force of the rule hereinbefore adopted. The rule contended for by the counsel for said children of Sarah C. Rickard, has been adopted in Kentucky, where in *Moore* v. *Moore*, 12 B. Mon. 655, it was held that " issue, in common parlance, and as used generally by the community signifies *immediate* descendants—*children*."

That decision was evidently based upon the authority of Chancellor Kent, (see 4 Kent Comment. 278,) who says: " The word issue may be used either as a word of purchase or limitation, but it is generally used by the testator as synonymous with child or children." Chancellor Kent was evidently opposed to the English rule of construction as above set out, on the ground that it tended to defeat the intention of the testator.

Judge Redfield in his excellent work on the Law of Wills, (see part 2 p. \*363,) takes the same ground, and strongly argues in favor of following the lead of Chancellor Kent, in breaking away from the English decision, and, as he says, " redeeming it (the law) from a perversion under which it has long labored, and which has already produced infinite injustice, and unless abandoned will be liable to produce an incalculable amount in the future." [1]

But while recognizing the importance which should be attached to these eminent authorities, yet we feel that the rule of construction, in cases of this sort, has become too well

---

[1] In California Civil Code, § 1386, *issue* is used in the same sense as child. *In re Newman's Estate*, 16 Pacific Reporter, 887.

settled to be disturbed by judicial decision, even if we were disposed to take the view adopted by Chancellor Kent. For it is of the utmost importance, that, in a matter so vital to the interests of the people at large, as the distribution of testate estates, there should be uniformity of decision in interpreting the ordinary language used in wills.

But the said children of Sarah C. Rickard contend that the construction of said bequest most consistent with the intention of the testatrix, is to allow them to share equally in the fund to be distributed, to the exclusion of the more remote descendants, *i. e.* the grand children. And this, not only upon the authorities, but upon the broad and fundamental principle of carrying out the most probable intention of the testatrix.

We have no means of ascertaining the intention of the testatrix as to the disposition of said trust fund after the death of the life tenant, except as disclosed by said bequest, which simply provides that at the time of her decease, "said Edward D. Pearce shall pay, transfer and deliver over the said trust property then remaining, to the lawful issue of the said Sarah C. Rickard then alive." There is certainly nothing in this language which shows an intention to restrict the meaning of the word "issue" to children, and hence the primary signification of said term, as above set forth, must prevail.

But it is further contended that whenever the gift to issue is in any way substitutional in its nature, or issue are to take in a representative, or quasi representative way, "*issue*" means *children*, to the exclusion of more remote descendants.

It is doubtless true that where the gift to the issue is substitutional, they take *per stirpes* and not *per capita.* That is to say, where issue are pointed out in the will to take with reference to the share of the parent, they take by way of substitution. *Minchell* v. *Lee*, 17 Jurist, pt. 1, 727; *Dexter* v. *Inches*, 147 Mass. 324. But as we have already seen, there is nothing in the will before us to show an intention on the part of the testatrix, that the grand children of said Sarah C. Rickard should not share equally with her children

in the distribution of said trust fund.   Moreover, a substitutional taking, or a taking *per stirpes*, strictly speaking, can only occur in case of the death of the *stirps*, or stock; and in the case at bar all of the children of said Sarah were living when said gift over took effect.   ·There is therefore no room for the application of the rule contended for, even assuming that it would apply had one of the children of said Sarah deceased in her lifetime leaving children.

We therefore decide that the grand children of. said Sarah C. Rickard, are entitled to share *per capita*, with her children, in the distribution of the trust fund in question.   As it is evident that the specific property bequeathed by the will under consideration, cannot be conveniently divided amongst those entitled thereto, we advise that the same be sold by the complainants, and the proceeds thereof distributed in accordance with this opinion.

*James Tillinghast & Theodore F. Tillinghast*, for complainants.

*Thomas C. Greene, Edwin Aldrich & Robert W. Burbank*, for different respondents.