WILL OF VEDDER : MOULTON, Administrator, Appellant, vs. BONIN, Respondent.*

*October 13—November 9, 1943.*

*Motion for rehearing denied, without costs, on January 18, 1944.

*W. O. Thomas* of Milwaukee, for the appellant.

The cause was submitted for the respondent on the brief of *Barnard & Barnard* of Manchester, New Hampshire.

WICKHEM, J.   The facts upon this appeal are undisputed. Addie R. Vedder died testate February 11, 1941.   The important provisions of her will are those bequeathing certain real and personal property, share and share alike, to John P. Moulton, William B. Moulton, Lucretia I. Moulton, and Jennie F. Brown, and the residuary clause leaving all the rest, residue, and remainder of her property to the same beneficiaries, share and share alike.   The beneficiaries were brothers and sisters of the testatrix.   One brother and one sister, John and Lucretia, respectively, predeceased testatrix leaving no issue.   One brother, William B. Moulton, survived testatrix. One sister, Jennie F. Brown predeceased testatrix.   She had a daughter, Ethel Bonin, who also predeceased testatrix. Ethel Bonin, however, left a son, Winston, the respondent herein, who survived testatrix.

Appellant contends that the bequest to Jennie F. Brown lapsed, and that since the other two legacies to John and Lucretia clearly lapsed, the entire residuary estate should be assigned under the will to William B. Moulton.   This involves a construction of sec. 238.13, Stats., which provides:

"When a devise or legacy shall be made to any child or other relation of the testator and the devisee or legatee shall

die before the testator, *leaving issue who shall survive the testator, such issue shall take the estate* so given by the will in the same manner as the devisee or legatee would have done if he had survived the testator unless a different disposition shall be made or directed by the will."

Appellant contends that "issue" means children; that since not only Jennie F. Brown, but also her daughter, Ethel Bonin, predeceased testatrix, the legacy lapsed since Winston Bonin, while a lineal descendant, is not entitled to be considered "issue" of the legatee.

Sec. 370.01 (8), Stats., provides:

"The word 'issue,' as applied to descent of estates, shall be construed to include all the lawful lineal descendants of the ancestor."

It is claimed by appellant that this statutory definition has no relation to wills but only to cases of devolution by operation of law, citing *Zartner v. Holzhauer,* 204 Wis. 18, 234 N. W. 508; *Estate of Hoermann,* 234 Wis. 130, 290 N. W. 608.

The difficulty with appellant's position is that the word "issue," if not qualified or explained, is usually and ordinarily construed to include grandchildren as well as children. *Adams v. Law,* 58 U. S. 417, 421, 15 L. Ed. 149; *Jordan v. Roach,* 32 Miss. 481; *Wistar v. Scott,* 105 Pa. 200, 51 Am. Rep. 197; *Ridley v. McPherson,* 100 Tenn. 402, 43 S. W. 772; *United States Trust Co. v. Tobias,* 21 Abb. N. C. 392, 4 N. Y. Supp. 211; *Matter of Cornell* (N. Y.), 5 Dem. Sur. 88; *Pearce v. Rickard,* 18 R. I. 142, 26 Atl. 38, 19 L. R. A. 472; *Kimball v. Penhallow,* 60 N. H. 448; *Price v. Sisson,* 13 N. J. Eq. (2 Beasl.) 168; *Soper v. Brown,* 136 N. Y. 244, 32 N. E. 768, 32 Am. St. Rep. 731; *Jackson v. Jackson,* 153 Mass. 374, 26 N. E. 1112; *Estate of Cavarly,* 119 Cal. 406, 51 Pac. 629; *Rhode Island Hospital Trust Co. v. Bridgham,* 42 R. I. 161, 106 Atl. 149, 5 A. L. R. 185, note page 195.

Since "issue" is ordinarily construed to include grand-children and, in fact, all lawful lineal descendants, sec. 370.01 (8), Stats., even if limited in its application to matters of descent, must be considered as strong evidence of the usual and accepted meaning of the term "issue."

*By the Court.*—Order affirmed.