## Haupt's Estate

*Walter L. Peters,* for accountant.

FRACK, J., April 20, 1946.—Ellen C. Haupt died June 17, 1944, leaving a last will and testament dated January 7, 1937, duly probated after her decease. Testatrix at the time of her death left no issue and was the widow of Milton H. Haupt. Decedent had five brothers and five sisters, all of whom died in her lifetime. She survived her brother, Martin F. Kleppinger, referred to in her will, by three months.

Testatrix made numerous bequests in her will. In making distribution of the net estate of $14,037.63, questions of law requiring our disposition have arisen concerning the following bequests: Testatrix gave a bequest to Charles P. Kleppinger, a nephew, who died prior to the date of execution of her will. She gave a bequest "to the children of my deceased sister Magdalene Cahoon" and another bequest "to the children of my deceased sister Christiana Heckman". There is a bequest in favor of her brother, Martin F. Kleppinger, "and after his death, the same shall be equally divided between the distributees aforesaid share and share alike". Testatrix provides that her residuary estate "after payment . . . of all the debts and liabilities of my estate" is "to be equally divided among the nearest relatives of my family on the Kleppinger side, namely the distributees above named, and the nearest relatives of the family of my deceased husband, Milton H. Haupt, on the Haupt side, share and share alike".

Since testatrix was not survived by any lineal descendants, the bequest in favor of her nephew, Charles P. Kleppinger, may not be held to lapse or become void by reason of his decease 12 years before the date of execution of her will, for the reason that he has issue who survived testatrix and for the further reason that testatrix has not directed otherwise in her will. The legacy is good and available in favor of such surviving issue: Wills Act of June 7, 1917, P. L. 403, section 15(b), 20 PS §252; Desh's Estate, 321 Pa. 286, 291; Crozer's Estate, 257 Pa. 241; Minter's Appeal, 40 Pa. 111; Thompson's Estate, 10 D. & C. 69. The said legatee at the time of his death was survived by two daughters and a son; his son, survived by a daughter, died between the date of execution of the will and the death of testatrix. It is suggested legatee's grandchild is not entitled, that children only are entitled. Issue, however, includes a grandchild, the child

of a child who died during the lifetime of testatrix, subsequent to the execution of the will: Walton's Estate, 2 Mont. 189; Hoover's Estate, 9 Dauphin 258. With no language in the will or statute to the contrary, the word "issue" means lineal descendants irrespective of their being the same generation: Ashurst's Estate, 133 Pa. Superior Ct. 526; Wistar v. Scott, 105 Pa. 200, 215; Allen v. Markle, 36 Pa. 117. See also Desh's Estate, 321 Pa. 286, 289, supra. By express language of the statute, issue of the deceased legatee who survive testatrix take the legacy by way of substitution, "with like effect as if such . . . legatee had survived the testator". Legatee's two daughters and granddaughter by representation are therefore entitled in equal shares to any legacy in favor of Charles P. Kleppinger.

In the bequests "to the children of my deceased sister Magdalene Cahoon" and "to the children of my deceased sister Christiana Heckman", no particular names are mentioned and no number of legatees are specified. Such bequests are gifts to a class, where a contrary intention does not appear from the will: Wood's Estate, 321 Pa. 497; Todd's Estate, 33 Pa. Superior Ct. 117, 120; Billings' Estate (No. 1), 268 Pa. 67; Weber Estate, 155 Pa. Superior Ct. 403; Worstall's Estate, 125 Pa. Superior Ct. 133. Who takes under a gift to a class in this estate is determined by the provisions of section 15(b) of the Act of June 7, 1917, P. L. 403, supra, which is a reënactment of the Act of July 12, 1897, P. L. 256. An act employing the same language as was contained in a prior statute relating to the same subject matter should be construed in the same way: Desh's Estate, supra.

Where a gift is to a class, to prevent the lapse of a legacy, the legatee must have been living when the will was made, or sometime thereafter before testatrix's death. A person deceased at the date of the will is not a member of the class, and there is nothing his issue

may take by substitution: Harrison's Estate, 202 Pa. 331; Worstall's Estate, supra; Tyson's Estate (No. 1), 47 Pa. Superior Ct. 108; Stoddard's Estate, 21 D. & C. 369. Where a testamentary gift is to a class, the share of one within class designated by testatrix does not lapse by his death occurring between the execution of the will and testatrix's death, if such member of a class dying after execution of will leaves issue surviving testatrix: Act of June 7, 1917, P. L. 403, section 15(b), supra; Desh's Estate, supra; Worstall's Estate, supra; Harrison's Estate, supra; Weber's Estate, supra. The issue, surviving at testatrix's death, of one who was within the class when the will was executed and died before testatrix, take by substitution: Tyson's Estate (No. 1), supra, 111; Act of June 7, 1917, P. L. 403, section 15(b). Such surviving issue, taking by substitution, if all are children, take in equal shares.

It is suggested that in a gift to a class the taking by substitution is limited to children only and does not include grandchildren, especially where the mother of persons who are grandchildren of a deceased class legatee had died before the class legatee and had died before the execution of the will. The act, however, speaks of issue, not children, of a deceased member of the class who survive testatrix, as blood relatives. Issue means lineal descendants. Grandchildren of an original member of the class remain lineal descendants, despite the death of their mother. Such grandchildren are heirs of the body of a deceased primary legatee, in a gift to a class. Heirs or statutory distributees will not be disinherited except by express words or necessary intendment: Knox's Estate (No. 2), 328 Pa. 188. See also In re Vedder's Will, 244 Wis. 134, 11 N. W. (2d) 642, holding that the word issue, as used in statute providing that, when a legacy shall be made to any relation of testator and legatee shall die

before testator leaving issue surviving testator, such issue shall take estate so given by will, included grandchildren as well as children. Where, however, the lineal descendants of a deceased member of class take by way of substitution, if they stand in different degrees of relationship, the intention that distribution is to be per stirpes is to be inferred, and we must order distribution to be made accordingly, where there is no contrary intent expressed in the will.

Testatrix bequeathed a fund of $4,000, whereof one fifth of $3,800 is disposed as follows:

"I give, devise and bequeath to my brother, Martin F. Kleppinger, the one-fifth part thereof, and after his death the same shall be equally divided between the distributees aforesaid share and share alike . . ."

The brother predeceased testatrix. This one fifth part must be distributed equally between the other legatees who are blood relatives and who are designated specifically by name or designated as original takers in the class gifts in the provision of the will disposing of the $4,000 fund. Wherever a specifically designated legatee or an original class legatee, who is a blood relative of a testatrix dying without issue, is deceased, his or her equal share must be distributed among his or her lineal descendants entitled, per stirpes. The object of section 15(b) of the Wills Act is not to include as primary legatees persons who do not come within the meaning of the language of testatrix: Harrison's Estate, supra. "Distributees aforesaid" does not include the charity to which testatrix had given a pecuniary bequest in a paragraph separate from the one bequeathing the $4,000 fund. The context of the entire will discloses that when testatrix used the word "distributee" she referred only to blood relatives of hers.

Distribution of the residuary estate depends upon the determination of what testatrix meant in her use

of the term "nearest relatives". There is no presumption the same meaning is carried in the instant will when the term is used with reference to her own blood relatives and when the term is used with reference to the blood relatives of her deceased husband. There is a clear indication of a different intent on the part of testatrix, when she directs her residuary estate is "to be equally divided among the nearest relatives of my family on the Kleppinger side, namely the distributees above named, and the nearest relatives of the family of my deceased husband, Milton H. Haupt on the Haupt side, share and share alike". The intention of testatrix is to be found from the legal meaning of the language used: Everitt's Estate (No. 1), 195 Pa. 450, 452. The words "nearest relatives" as applied to the kin of testatrix are therefore not to be construed in the same sense as the same words are construed when applied to the kin of her deceased husband. As to her own blood relatives, testatrix definitely designated the relatives who participate in the distribution as being "the distributees" named in her will and being the individually designated legatees and all the original takers in the bequests to a class referred to in the bequest of the $4,000 fund. By virtue of the provisions of section 15(b) of the Wills Act, supra, lineal descendants in the manner pointed out by us take the shares of deceased legatees, whether they are designated as individuals or are referred to as members of a class existing at the time of execution of the will: Altdorfer's Estate, 225 Pa. 136.

As to the "nearest relatives" of her deceased husband, testatrix had in mind no special or defined persons who should ultimately take. She therefore used only the general words "nearest relatives" without defining them as she had defined her own blood relatives. Under such circumstances, the presumption is that she meant such relatives of her deceased husband as should

properly be defined as nearest, namely, relatives of the same degree by blood, or else "nearest" has no meaning: Altdorfer's Estate, supra; White's Estate, 20 Phila. 93, 27 W. N. C. 253. Since the residuary legatees on the Haupt side are not blood relatives of testatrix, the provisions of section 15 (b) of the Wills Act, supra, do not apply, and the date of determination of "nearest relatives" of the deceased husband of testatrix is the date of decease of testatrix.

With reference to the question of whether the legacies are bequeathed free of inheritance taxes, testatrix directs "all my just debts and funeral expenses be fully paid" and she bequeaths her residuary estate "after payment of all the debts and liabilities of my estate" to the relatives hereinbefore mentioned. A collateral inheritance tax is not a debt of decedent nor a cost of administration. The Pennsylvania transfer inheritance tax is not tax upon property of decedent but upon right of succession or privilege of receiving at death the property possessed by a decedent: Strode v. Commonwealth, 52 Pa. 181; Kirkpatrick's Estate, 275 Pa. 271. Pennsylvania inheritance taxes are not assessed against the estate of testatrix, but against the legatees: Youngblood's Estate, 117 Pa. Superior Ct. 550. An inheritance tax is ultimately payable by the legatee or out of the property or estate passing to him, unless the will clearly indicates, either expressly or by implication, that the legacy was given free of tax: Rettew's Estate, 142 Pa. Superior Ct. 335; Elliott's Estate, 113 Pa. Superior Ct. 350. There is no language in the will that any legacies in the instant estate are given free of tax.

And now, April 29, 1946, it is ordered, adjudged, and decreed that counsel for the accountant submit a schedule of distribution for distribution of the net estate of Ellen C. Haupt, deceased, to conform with

this opinion, and unless exceptions are filed within 10 days to the schedule of distribution after it is filed and approved by us, distribution shall thereafter be made in accordance therewith.