# Norris's Estate (No. 3).

*Will—Legacy—Gift of residuary estate—Codicil.*

Where a testator gives a legacy of a specified amount and also one-half of his residuary estate, to his sister, and by a codicil gives to two nieces and a nephew "the legacy which I have left to my sister," share and share alike, the word "legacy" in the codicil will, in the absence of any contrary intent, be construed to include not only the money legacy in the will, but the gift of half of the residuary estate.

*Wills—Disinheriting heirs—Presumption.*

The presumption against an intention to disinherit heirs is weakened by the fact that a testator by his will excludes four-fifths of his relatives from any participation in his personal estate. This presumption has force where no clear disposition has been made and one is to be inferred from some provision of a will; it is without application where it is apparent that the real intention of the testator was to favor some to the exclusion of others.

Argued Jan. 23, 1907. Appeals, Nos. 232, 233 and 234, by Sarah E. Hale, John Lambert and Elizabeth Norris, from decree of O. C. Phila. Co., Jan. T., 1906, No. 383, dismissing exceptions to adjudication in estate of Henry Norris, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Exceptions to adjudication.

From the adjudication of HANNA, P. J., and ASHMAN, J., the auditing judges, PENROSE, J., and DALLETT, J., dissented.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing exceptions to adjudication.

*G. W. Pepper*, for Sarah E. Hale, John Lambert and Elizabeth Norris, appellants.

*George Quintard Horwitz*, with him *Layton Martin Schoch*, for Leila H. Sharpless, Orville Horwitz and George Quintard Horwitz, appellees.

*Samuel Dickson*, for Charles Norris, Charles Norris the younger, Dorothea Clapier Norris, Fanny Norris, Joseph P. Norris and Mary Norris Cochran, appellees.

*John J. Ridgway*, for T. Parker Norris, appellee.

*W. Drayton*, for Elizabeth Brown, Mary Brown, Fanny Brown, Emily H. Glover, B. Dawson Coleman, Edward R. Coleman, Fanny B. Coleman, Harriet Glover and Anne C. Carvello, children and grandchildren of Deborah Brown, a sister of testator, appellees.

*Hampton L. Carson*, for Lewis H. Parsons and Mary N. Parsons, appellees.

*Thomas Ridgway*, for Charles Camblos Norris, appellee.

*Isaac Norris*, for Isaac Norris, M. D., appellee.

OPINION BY MR. JUSTICE FELL, April 22, 1907:

The disposition of these appeals depends upon the meaning to be given the word "legacy" in the second codicil of the testator's will. The will and the codicils thereto were written by the testator, who was an intelligent man, experienced in the business management of estates. At the date of his will, April 29, 1891, his nearest of kin were two sisters. His nephews and nieces and grandnephews and nieces numbered about fifty. His estate consisted of personal property only. He gave to each of his sisters $200,000; to each of three nieces and nephews and to one grandnephew, $50,000; and to each of three grandnieces $25,000. He gave to a friend $25,000, and to four charities $5,000 each. The residue of his estate, approximately $3,000,000, he gave to his sisters. He attempted by his will to dispose of a large estate known as Fairhill, in which he had only a life interest. This he gave to the children of four deceased brothers.

Upon the death of one of his sisters in 1899 he wrote the first codicil to his will, in these words: "I give and bequeath to the daughters of my sister, Sally N. Pepper, the legacy which I have left to her, share and share alike." Upon the death of his other sister, who died unmarried and without issue in 1901, he wrote the second codicil, as follows: "I give and bequeath to my nieces, Sarah E. Hale and Elizabeth Norris, and to my grandnephew, John Lambert, Jr., the legacy

which I have left to my sister, Emily Norris, share and share alike." In the same year the testator made two other codicils; by one he gave small legacies to household servants, and by the other he gave to the wife and son of a nephew who had died the legacy which he had given to him. The testator died in 1904.

It is conceded that the Act of May 6, 1844, P. L. 564, secures to the children of Mrs. Pepper the legacy given her by the will. The question in the case is whether the word "legacy" in the second codicil refers only to the bequest of $200,000 to Miss Norris, or whether it includes the gift of one-half of the residuary estate. If restricted to the first, it follows that there was an intestacy as to one-half of the residue.

In seeking the intention of a testator the exact words he has used should first be considered, and in doubtful cases they should be given their technical meaning on the presumption that he used them in that sense. A legacy is a testamentary gift of personal estate. It is a generic term, and includes residuary as well as general, specific and pecuniary bequests. As used in the act of 1844 in relation to bequests to brothers and sisters of a testator who die in his lifetime leaving issue, and in its strict technical sense, it applies to any testamentary gift of personal estate. In its appropriate and technical use it includes everything the testator bequeathed to his sister. From the use of this word in the body of the will we find no indication of an intent to give it a restricted meaning in the codicils. Its first use is in the plural in the clause, " I give and bequeath the following legacies." This is followed by the naming of legatees and the amounts given to each and by the residuary clause. Its second use is in the direction that all these legacies shall be paid clear of the collateral inheritance tax. If this direction had preceded the gift of the residue, it would indicate a separation of it in the mind of the testator from the preceding gifts; but since it follows it, all the gifts are left in the same class under the head of legacies, although the burden of the tax is placed on the residue.

The scheme of the testator's will is very clearly defined. He separated what he regarded as his purely personal estate from an estate which he had derived from his father, which he

supposed he could dispose of. He gave the first, excepting $45,000, to his sisters and to ten favored relatives. He gave the second to the children of his deceased brothers. He knew very clearly what he wanted to do with his estate, and he disposed of the whole of it by a will that was entirely free from ambiguity. At the death of Mrs. Pepper he naturally desired that her children should take what he had given to her. He was an old man when he made his will, and in the course of nature his sister would not long survive him to enjoy the gift; her children were the persons who would be benefited ultimately by the gift. If he wrote the first codicil with knowledge of the act of 1844, he was making more secure the disposition he had in mind of the whole gift. It cannot be assumed that he intended to divide it into two parts, and have the word " legacy " apply to one and leave the other to the operation of the act of assembly. If he wrote the codicil in ignorance of the act, and intended the word " legacy " to apply only to the bequest of $200,000, he meant not to continue the gift to his sister of one-half of the residue to her children, but to die intestate as to $1,500,000 of his estate.

The word was used in the second codicil in the same sense as in the first. The reason for continuing the gift to particular persons is not so manifest, but their selection was a matter of personal preference. The consequence of the separation of the gift into two parts, by limiting the word " legacy " to the pecuniary bequest only, would be the same, an intestacy as to one-half of the residue. The natural presumption that when a man makes a will he intends to dispose of his whole estate, unless the words he uses will not admit of such a construction, is strengthened by the fact that the testator in clear and unambiguous terms made a final disposition of all he possessed. The presumption against an intention to disinherit heirs is weakened by the fact that by his will the testator excluded four-fifths of his relatives from any participation in his personal estate. This presumption has force where no clear disposition has been made and one is to be inferred from some provision of a will; it is without application where it is apparent that the real intention of the testator was to favor some to the exclusion of others.

Our conclusion is that the testator used the word " legacy "

in the second codicil of his will in its broader sense, and that it includes the whole gift to his sister, Miss Norris.

The decree of the court is reversed, and distribution will be made in accordance with this opinion.