## Spencer's Estate.

*Wills—Gift of residue—Gift to children—Lapsing of legacy—Failure to lapse—Act of April 8, 1833, P. L. 249.*

Where a father gives the residue of his estate, real and personal, to his two daughters, and one of the daughters dies in her father's lifetime leaving children to survive her, the gift to the daughter is protected from lapsing by sec. 12 of the Act of April 8, 1833, P. L. 249, and the share upon her father's death will go to her children.

Argued May 11, 1908. Appeal, No. 196, April T., 1908, by Alfred Hileman, guardian, from decree of O. C. Armstrong Co., Sept. T., 1907, No. 18, dismissing exceptions to auditor's report in Estate of Jacob Spencer, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of Ross Reynolds, Esq., auditor.

The opinion of the Superior Court states the facts of the case.

*Error assigned* was decree dismissing exceptions to auditor's report.

*C. E. Harrington,* for appellant.—Appellant contends that the portion of the residuary estate devised and bequeathed to Rosanna Hankey, inasmuch as she was dead some two years before the will was written, has lapsed, or is void, and that the testator died intestate as to said residuary interest: Gray's Est., 147 Pa. 67; Neff's App., 52 Pa. 326; Sloan v. Hanse, 2 Rawle, 28; Gorgas's Est., 166 Pa. 269; Waln's Est., 156 Pa. 194; Everman v. Everman, 15 W. N. C. 417; Harrison's Est., 18 Pa. Superior Ct. 588.

*H. A. Heilman,* with him *J. W. King,* for appellees.—The legacy did not lapse: Minter's App., 40 Pa. 111; Schieffelin v. Kessler, 5 Rawle, 115; Com. v. Nase, 1 Ash. 242; Blackwell v. Scoutem, 199 Pa. 446; Kinzler's Est., 22 Lanc. L. Rev. 3;

Newbold v. Prichett, 2 Whart. 46; Gray's Est., 147 Pa. 67; Massey's App., 88 Pa. 470; Neff's App., 52 Pa. 326; Everman v. Everman, 15 W. N. C. 417; Gorgas's Est., 166 Pa. 269; Waln's Est., 156 Pa. 194.

OPINION BY HENDERSON, J., July 15, 1908:

The clause of the will of Jacob Spencer involved in this appeal is in these words: "The residue of my estate, real and personal and mixed shall be divided equally between Rosanna Hankey and Emma Riggle." Both of the legatees were daughters of the testator. Rosanna died in the lifetime of her father and before the execution of his will, leaving to survive her four children, all of whom survived the testator. The controversy arises as to the distribution of the share of her father's estate which Rosanna would have taken if she had survived him, the appellant contending that the bequest to her was void and that distribution should be made to the next of kin to the testator and not to the children of Rosanna. It is claimed, on the other hand, that the legacy is saved by the twelfth section of the act of April 8, 1833, P. L. 249, which provides that "no devise or legacy in favor of a child or other lineal descendant of any testator, shall be deemed or held to lapse, or become void, by reason of the decease of such devisee or legatee, in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue, with like effect as if such devisee or legatee had survived the testator." The facts bring the case within the letter of the statute and it saves and makes effective that which without the statute would be a void legacy. The same question was decided in Minter's Appeal, 40 Pa. 111, which arose under the Act of May 6, 1844, P. L. 564, securing devises and legacies to the issue of deceased brothers and sisters of testators. The statutes are similar in character and are remedial in their object. In the case referred to the devisee was a sister of the testator. She died before the will was made, leaving issue who survived the testator. The bequest to her was of one-half of the residue of the estate. It was there said that the act saved the bequest from becoming void and

this interpretation was considered so just as to make a discussion of the subject a waste of words. The same conclusion was reached in Schieffelin v. Kessler, 5 Rawle, 115, in considering the effect of the Act of March 19, 1810, 5 Sm. L. 112, which the act of 1833 replaced. That was the case of a bequest of one-fourth of the residue of the estate to a daughter of the testator who died before the latter. The statutes apply expressly to devises and legacies which would be void as well as lapsed, but for this legislative protection. The appellant's argument proceeds upon the assumption that the legacy is void and the cases cited have reference to the distribution of void or lapsed legacies. If we concede the premises the conclusion is correct, but the very object of the enactment was to save such bequests from becoming void or lapsed. Gray's Estate, 147 Pa. 67, and Waln's Estate, 156 Pa. 194, relied upon by the appellant are not in point on the question here raised. The former relates to the distribution of a bequest to a charity concededly void because the will was not executed in conformity with the statute. The latter case is one of a bequest revoked by a codicil without any disposal of that portion of the estate included in the bequest. The argument of the appellant seems to concede the effect of the statute on all devises and bequests except those which are residuary, but we find nothing in reason or precedent to warrant the distinction. The devise or bequest of one-half of the remainder of the testator's estate is as absolute and distinct as if the amount were named. It is a devise or bequest within the meaning of the act of 1833, and, therefore, not void or lapsed. We agree with the auditor and the court below in the conclusion reached.

The decree is affirmed.