Desh's Estate.

Argued January 30, 1936.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Wilson A. Wert,* of *Snyder, Wert & Wilcox,* for appellant.

*D. M. Garrahan* and *J. Edward McCaffrey,* for appellees.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 23, 1936:

Testatrix, Kate Desh, after giving certain specific legacies, left the residue of her estate to be divided share and share alike between her two brothers, Harvey and George Desh. The latter, whose death occurred prior to the execution of the will, was survived by two children. The auditing judge awarded one-half of the residue to Harvey Desh and the other half to the children of George Desh. Harvey Desh appeals on the ground that the court erred in not awarding the entire residue to him.

The question presented is whether the residuary legacy which failed by reason of the death, in the lifetime of testatrix, of the legatee, a brother of the testatrix, passed to the issue of the legatee under section 15 (b) of

288 the Wills Act of 1917 or to the other residuary legatee under section 15 (c) of the same act.

Section 15 (b) of the Wills Act provides that when "a testator shall not leave any lineal descendants who would otherwise receive the benefit of any lapsed or void devises or legacies, no devise or legacy made in favor of a brother or sister . . . shall be deemed or held to lapse or become void by reason of the decease of such devisee or legatee in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue. . . ." By clause (c) of the same section, it is provided that any bequest or devise which shall fail or become void shall be included in the residuary clause, if any, and "in any case where such devise or bequest which shall fail or be void, or shall be revoked as aforesaid, shall be contained in the residuary clause of such will, it shall pass to and be divided among the other residuary devisees or legatees. . . ." Appellant places reliance on the last-quoted section. The court below decided that section 15 (b) controlled. There is no conflict, not even an apparent one between the two sections. As a guide to their proper application and construction we have the purposes of these two sections, the fact that prior acts contained provisions similar to section 15 (b) but none corresponding to the portion of section 15 (c) with which we are now concerned and, finally, we have our decisions construing the provisions under the earlier acts.

Section 15 (b) is the older rule; it was present in the Act of May 6, 1844, P. L. 564, section 2, in the Act of July 12, 1897, P. L. 256, and was reënacted in the Act of 1917. It was designed to carry out the intent of the testator, for property which is bequeathed or devised is not intended to pass as intestate property; its purpose was to prevent intestacy or lapse and to give to lineal descendants of a brother or sister of a testator dy-

ing before him the property which he intended their ancestor to get, if living.

It has been held that this section and the analogous section (section 15 (a) ) relating to lapsed gifts to the children of the testator applies to residuary gifts as well as to specific gifts. Thus in *Minter's App.*, 40 Pa. 111, there was a gift of residue to be divided share and share alike between three parties, and one share was given to a sister of the testator. The sister predeceased the testator leaving issue and it was held that the Act of 1844 saved the bequest to the issue of that sister. In *Spencer's Est.*, 37 Pa. Superior Ct. 69, testator left the residue of his estate to be divided between his two daughters and it was held that, one daughter having predeceased testator leaving issue, there was no lapse but that the daughter's issue succeeded to the share of their mother. The court stated: "The argument of appellant seems to concede the effect of the statute on all devises and bequests except those which are residuary, but we find nothing in reason or precedent to warrant the distinction." See also *Schiefflin v. Kessler*, 5 Rawle 115. In *Norris's Est. (No. 3)*, 217 Pa. 560, this court again had under consideration the Act of 1844 and its applicability to a gift of residue. The court said: "A legacy is a testamentary gift of personal estate. It is a generic term and includes residuary as well as general, specific and pecuniary bequests. As used in the Act of 1844 in relation to bequests to brothers and sisters of testator who die in his lifetime, leaving issue, and in its strict technical sense, it applies to any testamentary gift of personal estate." Standing alone, therefore, there can be no question that section 15 (b) of the Wills Act of 1917 would be sufficient, by our settled construction, to pass the legacy to the children of George Desh.

The legislature, in enacting, in 1917, the latter part of section 15 (c) provided an entirely new section, covering an entirely new subject-matter which could only operate if the devise or legacy did not come within sec-

tion 15 (a) or (b). It was not intended to alter our settled constructions of section 15 (b). The reason for the passage of this provision arose out of criticism of our common law rule relating to lapsed gifts in the residue. In *Gray's Est.,* 147 Pa. 67, the court held that a lapsed portion of the residuary bequest went to the next of kin and not to the other residuary legatees on the ground that the latter were given specific portions of the residue, receiving it in common and not jointly, and that there could, therefore, be no increase by survivorship. It is to be borne in mind that if in these cases the residuary legatee had been a brother or sister or a child of the testator, by virtue of the acts then in existence, and of our construction of these acts, the bequests would not have passed as intestate property, but would have passed to the issue of the deceased brother or sister. While it was held in *Gray's Est.,* supra, that the lapsed residuary gift passed under the intestate law, Justice MITCHELL stated at page 74, "The rule thus established does not commend itself to sound reasoning, and is a sacrifice of the settled presumption that a testator does not mean to die intestate as to any portion of his estate, and also of his plain actual intent, shown in the appointment of general residuary legatees, that his next of kin shall not participate in the distribution at all." See also *Waln's Est.,* 156 Pa. 194.

In answer to this criticism the part of section 15 (c) of the Wills Act now under discussion was passed: see *Report of the Commission to Codify and Revise the Law of Decedents' Estates,* page 69. This new language incorporated into the act by section 15 (c) cannot be construed to include a residuary gift to a brother or sister as well as any other residuary gift, since the former is more specifically treated by section 15 (b). Apart from the obvious plain meaning of section 15 (c), a provision of a statute must be construed with reference to the object intended to be accomplished by it, and this is so even to the extent of restraining the meaning of general

terms in order to clearly interpret the spirit and reason of the statute: *Citizens Elec. I. Co. v. L. & W. V. R. R. Co.*, 255 Pa. 176, 181; *Ritter v. Wray*, 45 Pa. Superior Ct. 444, 446. The provisions of section 15 were all designed to prevent an intestacy, but section 15 (c) was not to cover a situation of intestacy previously provided for, but to cover one formerly untouched by legislation. The commissioners who drafted the Act of 1917 had before them the previous Wills Act containing provisions identical with section 15 (b) and also our interpretations on these sections. The legislature did not, by the passage of section 15 (c), intend to change our settled interpretation of section 15 (b). If they had such purpose in mind as is here contended for by appellant, it should have modified section 15 (b) by a phrase which conveyed that intention in order that it would clearly appear that our prior decisions were overruled. When an act employs the same language as was contained in prior statutes, it should be construed the same way *(Barnes Foundation v. Keely,* 314 Pa. 112; *Buhl's Est.,* 300 Pa. 29), and by the application of this rule section 15 (b) and not section 15 (c) applies to the instant case.

Settled rules of property ought not to be disturbed by loosely-phrased terms of statutes that are susceptible of many meanings. We construe section 15 (c) to cover cases of devises or legacies which would lapse because the contingency of lapsing is not otherwise provided for by the act, and as being limited and confined to those where the testator and the legislature have not shown a contrary intent. So construed, the act carries out the purpose of both of the provisions, achieves a result consistent with prior law, and makes for a unified and harmonious interpretation of the Wills Act.

Decree affirmed at costs of appellant.