## J. M. Hoober, Inc., v. Shillow, Executrix

*Roberts R. Appel,* for plaintiff.
*W. Hensel Brown,* for defendant.

SCHAEFFER, J., January 19, 1940.—This is a rule to strike off a judgment of $283.90 confessed to plaintiff, J. M. Hoober, Inc., on January 7, 1939, by John A. Shillow estate, Margaret H. Shillow, executrix, defendant. An execution was issued thereon for the real debt of $183.90, and a levy was made by the sheriff on certain personal property alleged to belong to defendant estate. On September 25, 1939, a rule was granted by this court to show cause why the judgment should not be stricken off. By stipulation of counsel it was agreed that Bernard J. Myers, attorney for Margaret H. Shillow, executrix of the estate of John A. Shillow, deceased, should sell at public sale all the personal property levied upon in the execution, belonging to said estate; account for the pro-

ceeds thereof, and impound the same, subject to the decision of this court. It was further agreed that the status of the execution be preserved, and that the levy of the sheriff should remain a lien on the proceeds of the sale; and that payment thereof should be made in accordance with the decision of this court.

The petition to strike off the judgment was presented by G. A. Kauffman, executor of E. F. Bates, deceased, a creditor of the John A. Shillow estate, in the alleged sum of $528.10.

Plaintiff relies mainly on the Act of June 24, 1939, P. L. 871, effective the same day, averring in his answer that the note and warrant of attorney on which said judgment was confessed is an "instrument" within the meaning of said act. Section 1 of that act provides:

"Where an instrument contains, or a person adds to his signature thereto, words indicating that he contracts or signs in his capacity as fiduciary, and such words disclose the estate or trust for which he so contracts or signs, he shall not be personally liable on the instrument unless it contains an express provision that he shall be personally liable, and in the absence of such a provision, any action on the instrument shall be brought against such person only in his fiduciary capacity, or against his successor in such capacity, and execution upon any judgment obtained in any such action shall be had only against the assets and property in the hands and possession of such person or his successor, as fiduciary, and not against his own assets or property."

It has been decided that in some instances executors and administrators can confess a judgment against an estate for a debt owed by the decedent prior to his death. In Bennett et ux. v. Fulmer, 49 Pa. 155 (1865), it was held that in a fieri facias for the revival of a judgment obtained against the decedent in his lifetime, an administrator may appear and confess judgment thereon. If a creditor in a decedent's estate elects to proceed in a common pleas court to establish his claim, he may do so; but

as stated by President Judge Keller in Thompson's Estate, 130 Pa. Superior Ct. 263, 269: "Eventually the claim, whether reduced to judgment in an action at law or not, will have to be presented before the orphans' court in order to share in the personal estate". In Phillips, Admr., v. The Allegheny Valley R. R. Co., 107 Pa. 465, it was decided that creditors may proceed by a common-law action for the determination of their claims, and this right is concurrent with the jurisdiction of the orphans' court. But to obtain any part of the fund in the hands of the executor or administrator, creditors must proceed in the orphans' court, which alone has the power to distribute the estate.

In the instant case plaintiff bases its alleged right to obtain the confessed judgment from the personal representative of decedent, and the further right to issue execution thereon against the assets and property of the estate in the possession of the fiduciary, upon the said Act of 1939. To permit such a broad and far-reaching construction to be placed upon that act would interfere materially with the adjudication and distribution of estates in the orphans' court, and it would create an unjust preference among common creditors of an estate with respect to the personal property. The scope of the act must necessarily be limited to specific cases where execution is permitted under the law on a judgment obtained in the court of common pleas. It cannot be general in its application, and it must be reasonably construed. In Thompson v. Delaware, Lackawanna & Western R. R. Co., 41 Pa. Superior Ct. 617, 622, the court said: " 'Nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention' ". The essence of the Act of 1939 in question, is to protect one acting in a fiduciary capacity from personal liability. As stated by Mr. Justice Maxey in Null v. Staiger, 333 Pa. 370, 376:

" 'All laws should receive a sensible construction': U. S. v. Kirby, 7 Wall. 482. 'A provision of a statute

must be construed with reference to the object intended to be accomplished by it, and this is so even to the extent of restraining the meaning of general terms in order to clearly interpret the spirit and reason of the statute': *Desh's Est.*, 321 Pa. 286, 290, 184 A. 111."

Furthermore, the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, provides:

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable".

In the instant case it is virtually admitted that the debt was contracted after the death of John A. Shillow, and that it is a debt of the estate. It is also admitted "That the personal property levied on is assets and property in the hands and possession of Margaret H. Shillow, executrix of the estate of John A. Shillow, deceased."

Accordingly, the court concludes, under the facts of this case and the law pertaining thereto, that the judgment or claim in question must be presented by plaintiff, J. M. Hoober, Inc., in the orphans' court, in the estate of John A. Shillow, deceased, to share in the distribution of the personal estate of said decedent, under an order or decree of the orphans' court.

And now, January 19, 1940, the court discharges the rule to strike off the judgment. The court sets aside and quashes the execution and levy on the personal property or fund in controversy under the fi. fa. issued by J. M. Hoober, Inc., against John A. Shillow estate, Margaret H. Shillow, executrix, to November term, 1939, no. 30. The court further orders and directs that the fund of $125.80 realized at the public sale which is now held by Bernard J. Myers, attorney for Margaret H. Shillow, executrix of the estate of John A. Shillow, deceased, as stakeholder, be accounted for and distributed in the Orphans' Court of Lancaster County.