## Morgan's Estate

Before Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

630

634

*James R. Wilson, William F. Zinger,* and *S. Zink,* for exceptants.

*Herbert A. Barton,* contra.

STEARNE, J., March 8, 1940.—Section 15(c) of the Wills Act of June 7, 1917, P. L. 403, enacts that any residuary devise or bequest which fails, is void or is revoked shall "pass to and be divided among the other residuary devisees or legatees . . . in proportion to their respective interests in such residue."

Testator placed his residuary estate in trust for his wife for life (with power to consume) with remainder to a named individual and two charities. The gifts to the two charities are void. Upon the death of the wife, the auditing judge, in a most scholarly and comprehensive adjudication, reviewing the history of the legislation and citing many controlling decisions, ruled that the individual residuary beneficiary (as the "other residuary devisee or legatee" under the act) took the entire residue. Next of kin of testator claim an intestacy concerning two thirds of the residue, because of the void bequest to the two charities. There is but little which we can profitably add to what the auditing judge has so well written.

When the legislature adopted section 15(c) of the Wills Act, supra, it did so with the intent that it should have the effect which the commissioners designed and pointed out to the lawmakers: See Tarlo's Estate, 315 Pa. 321, 325. The commissioners noted that under the then existing law void or lapsed legacies passed to the next of kin or heir, which was "wrong in principle and subversive of the great canon of construction, viz., the carrying out of the intent of testator". See Desh's Estate, 321 Pa. 286, 290, et seq.

Despite the plain provisions of the act, and the decisions cited in the adjudication, counsel for decedent's next of kin earnestly persists in his contention that the next of kin take an intestate share of the void charitable bequests. They cite and rely upon Maris' Estate, 12 D. & C. 783, and McNulty's Estate, 29 Dist. R. 709.

In Maris' Estate, supra, testator directed that stock dividends be regarded as principal. This direction was ruled invalid. Such ruling resulted in a void accumulation of income. In distributing the accumulated income (forbidden by the Act of April 18, 1853, P. L. 503), this court regarded the direction to accumulate as affecting every clause in the residuary estate (p. 786). It therefore decreed an intestacy. The Supreme Court (301 Pa. 20) re-

versed this distribution. It was decided that under the provisions of the Act of 1853, supra, void accumulations pass to the persons entitled as "if such accumulations had not been directed". As there was a gift of the income of the residuary estate to the widow, she, and not testator's next of kin, took. This case would seem to possess little, if any bearing upon the present situation.

McNulty's Estate, supra, is chiefly relied upon. Curiously enough this case appears to us as sustaining, in every particular, the ruling of the auditing judge. There the residuary estate was placed in trust for a husband for life with remainder to a charity. The remainder was void under the statute. There, as here, it was contended that the life tenant, being a *residuary* beneficiary for life, was qualified under section 15 (c) of the Wills Act as the "other residuary devisee or legatees". The late Judge Gest (one of the commissioners), in writing the opinion of the court, denied this view. He wrote (p. 711) :

"The obvious intention of the act was to introduce the principle that in devises of this nature the void or revoked share is to be divided among the other residuary devisees in proportion to their respective interests. This contemplates the case where the residuary devisees are given aliquot shares in the residue, and not to a case like the present, where the devisees are respectively life-tenant and remainderman and thus given estates of a different quality."

It is indeed difficult to follow the reasoning of counsel for exceptants. If, contrary to the decision in McNulty's Estate, supra, the widow life tenant of the residuary estate should be regarded under section 15 (c) of the Wills Act of 1917 as the "other residuary devisee or legatees", then any award on her behalf would be to the deceased life tenant's personal representative. Decedent's next of kin, in such event, would possess no status as distributees. There appears neither authority nor merit in the suggestion that difficulty in fixing the quantum of a gift of

a life estate, with power to consume, results in an intestacy.

The exceptions are dismissed and the adjudication is confirmed absolutely.