## Walker v. Miller, Recorder of Deeds

*Gunnison, Fish, Gifford & Chapin,* for plaintiff.
*Hosbach, Good & Fischer,* for defendant.

EVANS, J., March 6, 1944.—This matter came before us on a petition for an alternative writ of mandamus to require the Recorder of Erie County to accept for record in the recorder's office an assignment of a bond and mortgage from the Cleveland Trust Company, a corporation, to Edward Scheidenhelm, Jr. The writ was issued and respondent has filed an answer.

The assignment in question was executed September 9, 1938, by the vice-president and trust officer of the Cleveland Trust Company, and the seal of the corporation attached. The usual corporate affidavit was also attached. The recorder of deeds refused to accept said assignment for record, relying upon section 516 of the Banking Code of May 15, 1933, P. L. 624, 7 PS §819-516, which provides as follows:

"A. Every institution shall, by power of attorney filed of record in the office of the recorder of deeds in any county in which it may have occasion or which it may be required to enter acknowledgment of payments,

assignment, extension, postponement, release, or satisfaction of, or to take any other action affecting the lien of any mortgage which appears upon the records in such office, designate a person or persons who shall be authorized, in the name of such institution, to make such entries.

"B. Such recorder of deeds shall not permit any person, other than the person or persons so designated, to act in such manner for such institution.

"C. Any entry on any record in an office of a recorder of deeds, if made in violation of this act, shall be of no effect."

The practice in this and some other counties within the State has been to require that every assignment, satisfaction, etc., of corporate mortgages be made by an attorney-in-fact. Other counties within the State have followed the practice of permitting the filing of the actual corporate assignment, satisfaction, release, etc., the recorder then making notation of such corporate action on the mortgage record in his office. In these counties compliance with the act is required only where the corporation attempts to act through a power of attorney, or itself makes actual entries upon the mortgage record.

A court must follow the provisions of statutory law where those provisions are clear, but where the intention or purpose of the legislature is in doubt the court has an equal duty of arriving at such legislative intent and purpose as not to permit an absurd result. From the fact that officials and their attorneys in various counties have arrived at different conclusions with regard to the intent of the legislature and the purpose of the above-recited act, it may well be said that that intent is not clearly expressed. However, we have been unable to find any ruling on the matter by any court of the Commonwealth.

It seems to us unreasonable that a provision of law should prevent a corporation from doing directly what

it has the right to do through the agency of another. It is reasonable that a record should be required, showing the power of any agent seeking to do an act of such importance, and it is also reasonable that legislation be had to prevent possible mutilation of the records by one or more impressions of corporate seal thereon. Further than that the said act serves no useful purpose.

"A provision of a statute must be construed with reference to the object intended to be accomplished by it, and this is so even to the extent of restraining the meaning of general terms in order to clearly interpret the spirit and reason of the statute": Desh's Estate, 321 Pa. 286 (syllabus).

The following pertinent excerpt from Judge Endlich, in his Interpretation of Statutes, is quoted in Null v. Staiger, 333 Pa. 370, at page 375:

"It is obvious that the administration of justice requires something more than the mere application of the letter of the law, designed for some particular class of ordinary cases, to all others, however modified by accident or withdrawn by extraordinary circumstances from the spirit of its enactment. It follows that 'general terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the Legislature intended exceptions to its language which would avoid results of this character. The reason of the law in such cases should prevail over its letter.' "

We conclude, therefore, that the act in question was intended to require every institution (as defined therein) to designate by power of attorney filed of record in the office of the recorder of deeds the person or persons authorized in the name of the institution to enter acknowledgment of payments, assignment, etc. Any person not so designated cannot act in such manner for such institution, and any entry of record made by a person in the name of such institution without the

previous filing of a record of his authority is declared void.

In the case before us the instrument has been executed by the proper corporate officers and is the act of the institution itself, not that of persons acting for it, and in our opinion there is nothing in the act which prohibits the filing and recording of the corporate assignment. We, therefore, conclude that it is the duty of the recorder to accept the original assignment presented to him, and to make proper notations thereof on the record of the mortgage in his office.

And, now, to wit, March 6, 1944, it is ordered that a writ of peremptory mandamus issue to Harry Miller, Recorder of Erie County, directing him to accept for recording, and thereafter to spread upon the records of the recorder's office, the original assignment of bond and mortgage from the Cleveland Trust Company to Edward Scheidenhelm, Jr.