## Bareysha's Estate

*L. D. Savage,* for accountants.

*Conway W. Dickson* and *C. H. Welles, 3rd,* for legatees.

MURPHY, P. J., December 3, 1946.—At the audit of the second and final account of the executors in the estate of Nicholas Bareysha, deceased, hereinafter referred to as testator, it developed that at the adjudication of executors' first and partial account Marion Ladutko, sister of testator and one of the legatees mentioned in testator's will, was not considered in the distribution due to the fact that in the certified copy of the testator's will said legatee's name was inadvertently omitted. The adjudication of the first and partial account was dated and duly filed on March 11, 1936. Said Marian Ladutko, legatee, died December 25, 1934, during the lifetime of testator but prior to the date of the execution of testator's will and left to survive her and

the testator three children, namely: Paraskeva, born in 1909; Olga, born in 1912, and Dmitri, born in 1914. As per adjudication of the first and partial account, Alecksie Bareyska, legatee and brother of testator, was awarded $600. Pelehia Bareysha, legatee and sister of testator, was also awarded $600.

Under section 2 of the Act of May 6, 1844, P. L. 564, a bequest by a testator to his sister is valid, though she was dead when the will was written but left children to survive her and testator, and testator left to survive him no lineal descendants: Minter's Appeal, 40 Pa. 111. Section 15 (b) of the Wills Act of June 7, 1917, P. L. 403, is but a reënactment of section 2 of the Act of May 6, 1844, P. L. 564, as amended by the Act of July 12, 1897, P. L. 256, and does not change the law as determined under these prior acts.

The acts previously cited refer to, and only to, children of brothers and sisters of testator and where said brothers and sisters died during the lifetime of testator. Such a bequest to a number of persons not named, but answering a general description, is a gift to them as a class; this rule of construction is intended to settle testator's intention unless the will itself shows that he intended otherwise: Denlinger's Estate, 170 Pa. 104. When the devise is to a person by name, it is conclusive as to the intention of testator that that person should take, and the intention of testator being established, the subject of the devise or bequest will, upon the death of testator, be good and available in favor of the issue when the primary devisee or legatee has died during the lifetime of testator. This is the effect of legislation of this character, even in a case when the primary devisee was dead at the time testator specifically designated him as the object of his bounty: Buseck's Estate, 23 D. & C. 567, 570. In Desh's Estate, 321 Pa. 286, 287, where testatrix, after giving certain specific legacies, left the residue of her estate to be

divided share and share alike between two brothers, one brother's death occurred prior to the execution of the will but he was survived by two children. The auditing judge awarded one half of the residue to the living brother and one half to the children of the deceased brother. The Supreme Court, on appeal, sustained the adjudication of the auditing judge. The facts of the case at bar are identical, i. e., testator died leaving no lineal descendants. Marian Ladutko, legatee, died prior to the execution of testator's will but left children surviving her. Testator in his will provided:

"All the rest, residue and remainder of my estate, wheresoever situate at the time of my decease I give, devise and bequeath to my sister Polehia Bareysha, to my sister Marian Ladutko, both residing in Russia, and my brother Alecksie Bareysha, residing in Siberia, share and share alike."

Therefore, the children of Marian Ladutko, legatee, under the terms of testator's will are entitled to one third of the residue of testator's estate and should have participated in the previous distribution.

Fully cognizant that under the statutes adjudications must be reviewed within five years, but irrespective of any legislation, the court possesses an inherent discretionary power to correct its own records in the interest of justice and even to protect parties from the effect of their own mistakes and blunders. In the present case the attorney for the estate at the time of the audit of the first and partial account was not the attorney who caused testator's will to be probated, etc., the original attorney having died. The present attorney relied exclusively upon the certified copy of the will heretofore mentioned and in which the name of Marian Ladutko, legatee, was omitted. Since the matter was not properly before the court at the first and partial audit of the account and as a result the children of

Marian Ladutko, previously mentioned, were not considered in the adjudication of said first and partial account and the decree of adjudication omitted all reference to them and this omission not being discovered until the present audit of the second and final account of the executors, now before the court, these children have had no notice of the previous audit, they have never had their day in court, and the former decree is not res adjudicata as to them. There still remains a fund for distribution, there being no change in the status quo nor prejudice worked against any of the interested parties, and this court being of the opinion that the statutory provisions limiting the right of review to five years after decree of adjudication are not applicable where distribution has not been made according to law, and believes that a judge in auditing the second and final account is duly bound to distribute according to law, even if the second adjudication is not in conformity with the former.

Since the children of Marian Ladutko did not participate in the previous distribution, it is ordered and decreed that the sum of $600 be first deducted from the balance now before the court for distribution and awarded to said three children of Marion Ladutko, legatee, share and share alike, and the remainder of the fund to be awarded under the terms of the will.

It also developed that at the audit of the second and final account of this estate an instrument purporting to be a power of attorney, to attorneys named therein, from the Consul-General of the Union of Soviet Socialist Republics, to appear and act for and in behalf of any and all heirs and next of kin of the said Nicholas Bareysha, deceased, who reside in and are nationals of the Union of Soviet Socialist Republics and under which the attorneys named therein requested that distribution of all funds to Polehia Bareysha and/or her heirs, together with the amounts due the children of Marian Ladutko, legatee, be made to them, was ad-

mitted into evidence. It being established that here are no treaty provisions in force between the United States and the Union of Soviet Socialist Republics with reference to the method of payment of inheritances to Soviet nationals, the attorneys in fact mentioned in said instrument must prove their authority or power by a proper power of attorney, which in this case is wanting. Therefore, the executors are hereby directed to make distribution direct to the distributees and/or heirs in conformity with the terms of testator's will and the Federal regulations pertaining to same.