## Audenried Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Morgan, Lewis & Bockius* and *MacCoy, Evans & Lewis*, for exceptants.

*Ballard, Spahr, Andrews & Ingersoll* and *Edmonds, Obermayer & Rebmann,* contra.

BOLGER, J., June 19, 1953.—The Pennsylvania Proration Act of July 2, 1937, P. L. 2762, 20 PS §844, provides that the United States estate tax shall be equitably prorated "except in a case where a testator otherwise directs in his will". The single question is whether testatrix has so otherwise directed.

After providing pecuniary legacies in varying amounts to individuals, to the Philadelphia Bar Association, to charities and for a cemetery trust, testatrix provided as follows:

"Sixth: I give, devise and bequeath the residue of my estate, real and personal, to the pecuniary legatees under this my Will, in the same proportions as their original legacies bear to all money bequests hereunder. . . .

"Eighth: I direct that all estate, inheritance, succession or similar taxes on all legacies herein contained in my Will shall be paid from my residuary estate, and be charged to principal thereof."

The question narrows itself down to whether the phrase "all legacies herein contained in my Will" in paragraph eighth applies to only the pecuniary legacies or whether it includes as well the residuary legacies. Exceptants, the charity legatees, contend for the first conclusion. They admit their responsibility for the payment of the tax on their pecuniary legacies, but they assert that they are relieved of the burden of tax upon their residuary interest because the impact of the tax upon the latter is not their responsibility and, therefore, they should not be burdened with any portion of it: Harvey Estate, 350 Pa. 53. Their claim is predicated upon testatrix's implied intention that the phrase in dispute applies to the pecuniary legacies only and not to the residuary gifts; that testa-

trix's intention is at least doubtful and that such doubt must be resolved in their favor. They point to the principle of Stadtfeld Estate, 359 Pa. 147, that proration is mandatory unless the will contains a specific provision clearly expressed, inconsistent with the presumed intention of proration and to accomplish that result the language must not be of doubtful import. On the other hand, the other residuary legatees argue, and they are supported by the adjudication, that the language is not of doubtful import, that it is clear and, therefore, overcomes the presumption of intended proration.

The learned auditing judge relied upon North's Estate, 50 D. & C. 703, where the tax clause was as follows:

"I direct that any and all inheritance, estate and transfer taxes that may be imposed upon my estate or any part thereof . . . shall be paid out of the corpus or principal of my residuary estate."

The residuary clause there included both charitable and noncharitable gifts. The court held that calculation and payment of the Federal estate tax on the residuary gifts must precede distribution to the beneficiaries and, therefore, the charities had to bear their share.

Exceptants counter with Wahr Estate, 370 Pa. 382, which they maintain overrules North's Estate. With this conclusion we cannot agree. It is true that Wahr Estate, supra, holds that the testamentary intent of equality of distribution among beneficiaries does not necessarily mean equality of tax and, therefore, the additional supporting reason assigned by the auditing judge and the opinion writer in North's Estate that testatrix gave her own formula for distribution is rendered invalid. However, as stated, the will in North's Estate contained a tax clause upon which the court mainly relied, whereas the will in Wahr Estate

contained no tax clause. Our tax clause is practically identical with that in North's Estate.

An examination of this will from its four corners satisfies us of the correctness of the auditing judge's conclusion. The residuary clause contains the key to the solution of the problem. Therein testatrix gives specifically the residue to the "pecuniary legatees" in the same proportions as their "original legacies", indicating that she knew how to distinguish different types of legacies. It necessarily follows that when she used the term "all legacies herein contained in my Will" that she intended to apply it in an all-embracing sense comprehending pecuniary legacies as well as residuary legacies. To restrict testatrix's definition of "all legacies" to pecuniary legacies is artificial. We believe she used the phrase in the generic sense to include all of her testamentary gifts, in the same sense as similar legislative phraseology has been construed: Desh's Estate, 321 Pa. 286; Norris' Estate (No. 3), 217 Pa. 560. Exceptants' contention would require that we insert the word "pecuniary" between "all" and "legacies". This we cannot and will not do. It would involve rewriting the will and frustrating testatrix's express intent.

There are other authorities to which we could turn including Rieck Estate, 74 D. & C. 553; Mack's Estate, 74 D. & C. 385; Jeffery's Estate, 333 Pa. 15; Hunter's Orphans' Court Commonplace Book, Supplement, p. 557; Prescott v. St. Luke's Hospital, 280 Mass. 229; Rippel v. King, 126 N. J. Eq. 297. However, this will is its own best interpreter and does not require the use of any rules or principles of construction: Emmerich Estate, 347 Pa. 307; Hunter's Orphans' Court Commonplace Book, Supplement, pp. 577, 578.

We find no comfort for exceptants in the cases they cite, including Harvey's Estate, supra; Stadtfeld's Estate, supra, and Uber's Estate, supra, nor in the New

York cases. None of them involves wills containing tax clauses. In Bostwick Estate, 16 Wash. 26, the will clearly stated: "I request that the above legacies be paid free of tax." Obviously, the court was correct in not applying this clause to the residuary gifts which appeared later in the will: Marvin's Estate, 26 D. & C. 527, is not in point.

The doctrine of equitable proration is very powerful in preventing gross inequality to charities having to bear the impact of heavy taxation as well as to the preferred objects of testatrix's bounty: Wahr Estate, supra. This court early recognized the weight of this principle: Harvey's Estate, supra. However, we must advert to the language of Brown's Estate, 208 Pa. 161, 163:

"If the decree of the Court below, from which this appeal was taken, produces the inequality suggested in the argument, it is the fault of the testator and not of the Court. His will must control the distribution of the estate, and when his language is clear and explicit, his intention thus plainly expressed must be obeyed regardless of any apparent or real inequalities produced among the legatees."

The exceptions are dismissed and the adjudication is confirmed absolutely.