## Null, Appellant, *v.* Staiger.

Argued January 16, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Albert Houck,* with him *Harold W. Houck,* for appellant.

*Robert Siegel*, with him *Harry L. Siegel*, for appellees.

OPINION BY MR. JUSTICE MAXEY, March 22, 1939:

Plaintiff has appealed from an order of the court below refusing to set aside service of a writ of capias ad respondendum and to quash the writ, but discharging the defendant on common bail and thus releasing his surety who entered recognizance for appellant's benefit. The suit is in trespass for appellee's alleged negligence in so operating an automobile in Mifflin County, where appellant resides, as to cause the death of his minor son. Appellant commenced the action on May 19, 1938, by filing an affidavit of cause of action, whereupon a capias ad respondendum issued to the Sheriff of Mifflin County, returnable the fourth Monday in June, 1938 (June 27th), and bail was fixed in the amount of $500. The Sheriff of Mifflin County deputized the Sheriff of Dauphin County, where appellee resides, to serve the writ. The latter served the writ on appellee on May 31st, appellee was taken into custody and bail was furnished. The Sheriff of Mifflin County made return as aforesaid on June 9th and appellant's attorney was notified. On June 28th, the day after the return day of the capias, appellee by petition filed under the Act of March 5, 1925, P. L. 23 (12 PS sections 672-675), obtained a rule on appellant to show cause why the service should not be set aside and the writ quashed.

The court below held that there is no statutory authorization permitting arrest of a defendant on a capias by the sheriff of another county deputized by the sheriff of the county where the writ issued, and consequently that the capias could operate only as a summons in trespass outside the county where issued. Hence it refused to quash the writ, but discharged the bail, the practical result reached being that the suit has been duly instituted and jurisdiction over defendant has been obtained by the court below as by ordinary summons, but appellant has lost his security for the payment of any judg-

ment which may ultimately be recovered against appellee.

Appellant contends that both the arrest of appellee in Dauphin County and his being there held to bail in response to the capias there served on him were authorized by section 1208 of the Motor Vehicle Code, as last amended by the Act of June 22, 1931, P. L. 751 (75 PS sec. 738). This section provides that an action for damages arising from the operation of a motor vehicle may be brought in the court of common pleas of the county where the damages were sustained, in which case "service of process . . . may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, . . . in like manner as process may now be served in the proper county." Service of process is in general governed by the Act of July 9, 1901, P. L. 614 (12 PS sec. 291 et seq.), the sixth paragraph of which (12 PS sec. 304) provides that a writ of capias ad respondendum may be served by the sheriff of the county in which the writ is issued by arresting the defendant and holding him to bail.

Conceding that the above quoted section of the Motor Vehicle Code is remedial in nature: *Wiesheier et al. v. Kessler*, 311 Pa. 380, 165 A. 854; we have nevertheless many times held that statutes in derogation of common law principles, and especially those which relate to service of process, are subject to a strict construction: *Williams et ux. v. Meredith*, 326 Pa. 570, 572, 192 A. 924; *Heaney v. Mauch Chunk Borough*, 322 Pa. 487, 185 A. 732; *Hughes v. Hughes*, 306 Pa. 75, 78, 158 A. 874. The act refers merely to "service of process," which phrase prima facie includes every type of original summons without reference to its purpose or method of operation. A capias ad respondendum has a twofold purpose, to wit, (1) to notify the defendant to defend the suit, and (2), to procure his arrest until security for the plaintiff's claim is furnished: 6 C. J. S. 672. Its operative

effect goes much beyond that of an ordinary summons, the object of which is to bring the defendant into court and subject him to jurisdiction: 50 C. J. 447. Consequently the issuance and operation of a capias has necessarily been the subject of careful and detailed statutory regulation.

This procedure is regulated by the Act of June 13, 1836, P. L. 568. Section 3 (12 PS sec. 171) provides the form of the writ of capias ad respondendum. The direction to the sheriff (obviously of the county wherein the writ issues) is that the defendant be taken into custody, "if he shall be found in your bailiwick," and that he not be released until he gives bail or makes deposit. The defendant, to secure his release, must give bond "with reasonable sureties, having sufficient estate within the county": sec. 9; 12 PS sec. 181. Manifestly, the reference is to the county where the writ issues, since the act confers no authority upon the sheriff to serve the writ in any other county than his own. The act makes express provision for those special cases wherein it is permissible for the sheriff to serve a writ of process outside his own county: Act of 1836, supra, sections 37, 80, 88. The clear intendment of the act is that the writ of capias, except where otherwise expressly permitted, must be served in the county where it is issued.

Other provisions accord with those just cited and demonstrate that the procedural regulations in the Act of 1836, supra, relating to the writ of capias, if carried out as appellant herein contends, would be impracticable in administration. For example, the sheriff taking the bail is made responsible to the plaintiff for the sufficiency of the bond (sec. 16; 12 PS sec. 187), although nowhere in the act is there any provision that the court issuing the writ should have jurisdiction over the sheriff of another county. Difficulties would arise if the court of county "A" should be held to be empowered to subject to the plaintiff's claim the estate of the bail in county "B." Should the defendant refuse to give bail, he is retained

in custody; but this must mean in the usual place of imprisonment in the county where arrested. If arrested in another county, the Act of 1836, supra, points no way out of the resulting jurisdictional dilemma. After service of the writ, the officer executing it is charged with the duty of producing the body of the defendant before the court on the return day of the writ: Act of 1836, supra, sec. 18; 12 PS sec. 203. It would be an anomaly to hold that the sheriff of the county where the writ issued can be required to produce the body of the defendant, if the writ was served by deputization of the sheriff of the county where defendant resides: *Fackenthall v. Wight,* 104 Pa. Superior Ct. 215,.158 A. 580. Nor would the court of county A have jurisdiction to compel the sheriff of county B to do this.

It is clear that the procedural regulations of the Act of 1836 in respect to the writ of capias were adapted for execution of the writ only in the county where the writ issued. The extension of authority to serve the writ as a capias in another county by deputization of its sheriff of that county would require an unequivocal legislative mandate. The Motor Vehicle Code invoked contains no such mandate. An interpretation of a statute leading to consequences which are anomalous, impossible or incapable of execution will, if possible, be rejected: *Foster's Petition,* 243 Pa. 92, 98, 89 A. 819; *Dalzell v. Kane et al.,* 321 Pa. 120, 123, 183 A. 782. Judge ENDLICH in his Interpretation of Statutes (sec. 258) said: "It is obvious that the administration of justice requires something more than the mere application of the letter of the law, designed for some particular class of ordinary cases, to all others, however modified by accident or withdrawn by extraordinary circumstances from the spirit of its enactment. It follows that 'general terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the Legislature intended exceptions to its language which would avoid results of

this character. The reason of the law in such cases should prevail over its letter.'" (Citing cases.) Section 1208 of the Motor Vehicle Code purports to empower the deputized sheriff to serve process on the defendant not only in the county of his residence but also in the county where his registered agent resides. A holding that such "process" includes a capias, with all its incidents of arrest and holding to bail, would give rise to such a confused situation that it must be presumed that the legislature never intended its enactment to be so interpreted. "All laws should receive a sensible construction": *U. S. v. Kirby,* 7 Wall. 482. "A provision of a statute must be construed with reference to the object intended to be accomplished by it, and this is so even to the extent of restraining the meaning of general terms in order to clearly interpret the spirit and reason of the statute": *Desh's Est.,* 321 Pa. 286, 290, 184 A. 111. While a statute should receive the most reasonable and beneficial interpretation available *(Orlosky v. Haskell,* 304 Pa. 57, 155 A. 112; *Thomas's Election,* 198 Pa. 546, 48 A. 489), this is not to overcome, at all costs, obvious objections on the grounds of absurdity, hardship and inconvenience: *Fazio v. Pittsburgh Rys. Co.,* 321 Pa. 7, 182 A. 696.

We conclude that section 1208 of the Motor Vehicle Code, supra, did not authorize the arrest of appellee and holding him to bail in Dauphin County on a capias ad respondendum issued in Mifflin County, and that the sheriff of Dauphin County was without authority to execute the capias in this manner. It follows that the arrest of appellee was without legal justification and he was properly discharged by the court below on common bail. The writ authorized the arrest in Mifflin County; it did not authorize the arrest in Dauphin County. There it had no legal validity beyond that of an ordinary summons. As such, under the Act of 1901, supra, paragraph 6(b), the service of the writ on appellee was sufficient to subject him to the jurisdiction of the court

below sitting in Mifflin County, by virtue of the deputization provision of section 1208 of the Motor Vehicle Code, supra. But the arrest being a nullity, it was proper for the court at any time to consider objections by appellee to the execution of the writ of *arrest.* The case is distinguishable from *Powell v. Perkins,* 211 Pa. 233, 236, 60 A. 731, where this court pointed out that the writ in that case was not void, since issued by a court of competent jurisdiction against a party subject to its command. Here there was no waiver by appellee of his right to object to an illegal arrest under a writ inoperative as a command to arrest, beyond the confines of the county in which it was issued. The principle of laches, which appellant suggests, is without application: 5 C. J. 505 ("Arrest," sec. 210) : 6 C. J. S. 676 ("Arrest," sec. 59, d).

The order of the court below is affirmed.