## Schweitzer v. Campologo

*Samuel E. Kravitz*, for plaintiff.
*Samuel G. Parker*, for defendant.

JONES, J., July 24, 1946.—This is an "affidavit to hold to bail" which was presented by counsel for affiant praying that the court allow a capias ad respondendum and that respondent "be held in substantial bail to answer" an action by affiant for damages. The affidavit was not accompanied by a præcipe for the writ.[1]

The affidavit consists of a series of averments in the form of a statement of claim in an action in trespass. Affiant claims damages in the amount of $2,500

---

[1] Rule of Municipal Court, "Capias—Allowance":

"45. All writs of capias ad respondendum must be specially allowed and bail fixed by one of the judges, and shall be founded upon an affidavit of the cause of action, filed with the præcipe for the writ."

for personal injuries alleged to have been sustained by reason of the alleged negligence of respondent in the operation of an automobile-truck upon the public highway in the City of Philadelphia whereby and by reason whereof it collided with an automobile in which affiant alleges he was riding "as a passenger and invited guest" of an unnamed owner and/or operator thereof.

The injuries are alleged to consist of a "laceration of the scalp" and "contusions of the head, back and right thigh, concussion and nervous shock". By reason of such alleged injuries affiant alleges that he (1) "was obliged and" (2) "will be obliged" to make expenditures for "nursing, medicine and medical and surgical attention" and (3) "has suffered" and (4) "is suffering great pain and distress, both mental and physical".

There is no allegation in this affidavit of the amount of expenditures which have been made for such purposes nor is there an allegation of any specific sum as compensation for the "pain and distress, both mental and physical", alleged to have been suffered to the date of the affidavit. There is no allegation of the loss of employment or earnings by reason of the happening, no allegation indicative of permanent injury.

Respondent, it is alleged, is the owner of the "International truck" involved in the collision but is not a "freeholder". It is not alleged, however, that respondent has departed or intends to depart from the jurisdiction of the court; nor is there any allegation of actual or intended fraud on the part of respondent by concealment or attempted concealment of assets to avoid compensating affiant in the event of the affiant's recovery of a verdict or finding in the intended trespass action.

No allegation of the affidavit supports a finding of gross negligence or wantonness on the part of respondent.

The affidavit affords no basis by means of which the court can anticipate the amount of compensation which

will be lawfully found, if the eventual outcome of the intended trespass action be favorable to affiant.

The affidavit declares nothing more than a prima facie cause of action in trespass founded upon the alleged negligence of respondent with resultant damages. Nothing is alleged to except affiant's alleged ground of action from the operation of the general rule "that in actions of trespass, bail is not demandable, because there is no standard by which the damages can be measured". The averment in a statement of claim of the amount of damages sustained is no such standard. The averment of the amount of damages claimed is a nonissuable, nontraversable averment to which a defendant in an action of trespass is not required to make answer and such amount is not admitted by the failure of a defendant to file or to make a denial thereof in an affidavit of defense.[2] The amount of damages averred in a statement of claim is not a material fact except as fixing the limit beyond which recovery cannot be had and identifying the court having jurisdictional power to try the action. The general rule as to damages is that a plaintiff must prove the amount of damages sustained by him or he will be entitled to no more than nominal damages.[3]

In the case of Duffield v. Smith et al., 6 Binney 302 (1814), it was said by Chief Justice Tilghman, inter alia:

"The general rule is, that in actions of trespass, bail is not demandable, because there is no standard by which the damages can be measured. But there are exceptions to this rule. One is, where the defendant is about to depart out of the jurisdiction of the court.

---

[2] See section 13 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §412, as amended by the Act of April 4, 1929, P. L. 140.

[3] See the opinion filed July 16, 1946, in the case of Schoenfeld v. Meckes, Municipal Court, March term, 1945, no. 281, wherein this subject is discussed somewhat at length.

Another is, where there has been a violent battery, in which the plaintiff may sometimes swear to damages to a certain amount, and it may be evident from a view of the wounds, that considerable damage must have been sustained. There are other cases where it is presumable that large damages will be given, because the subject may have been discussed in an action against others for a similar trespass. . . '. The case before us comes within none of these exceptions. . . . It is not for me to anticipate the verdict, nor do I think it prudent to say, until the cause comes to a hearing, any thing which may have a bearing against either party with respect to damages. I am of opinion, that there is no reason, why the Court should in this instance depart from the general rule, which permits an appearance without bail in actions of trespass." [4]

In view of the foregoing it is evident that there is no basis for the fixing of special bail. Should, then, the writ be allowed upon common bail? If so, to what end, since the filing of common bail is tantamount to the entry of an appearance? [5] The purpose for which the writ is allowed is not accomplished by common bail with its fictitious sureties. [6]

Unless, therefore, the affidavit avers ground for fixing special bail, there is no authority for the issue of

---

[4] See Turner v. Sugarman, 14 Del. Co. 175 (1916), citing Duffield v. Smith et al., supra, and Carroll v. Simons, 27 Pa. C. C. 29 (1902).

[5] See "1. Common Bail", "Effect and purpose of filing common bail", "2. Special Bail", 6 C. J. pp. 892, 893, secs. 5, 6.

[6] "A capias ad respondendum has a twofold purpose, to wit, (1) to notify the defendant to defend the suit, and (2), to procure his arrest until security for the plaintiff's claim is furnished: 6 C. J. S. 672. Its operative effect goes much beyond that of an ordinary summons, the object of which is to bring the defendant into court and subject him to jurisdiction: 50 C. J. 447. Consequently the issuance and operation of a capias has necessarily been the subject of careful and detailed statutory regulation": Null v. Staiger, 333 Pa. 370, 373, 374 (1939).

the writ. The purpose of the cited rule of court is to determine preliminarily whether or not the affidavit discloses a cause of action warranting the fixing of special bail. If it does not, the writ is not allowed. The rule of court is designed to prevent the injustice inflicted by the improvident issue of the writ with its consequent arrest and custody. A subsequent discharge upon common bail after hearing had does not redress an unwarranted arrest. The rule calls for strict construction, especially so in cases wherein the cause of action is the alleged negligence of a defendant. The process of the criminal courts is available to a plaintiff to whom offense is given; so too is the process by warrant of arrest.

There is no need for the purposes of the instant case to rule upon the question as to whether or not there is any authority for the issue of the writ in a cause of action grounded upon negligence.[7] It is pertinent, however, to note the discriminatory result to which the writ leads in cases of negligence in violation of The Vehicle Code and the consequent need for care in the allowance of the writ. If the writ be allowed its service by arrest, custody and special bail is confined to Philadelphia County. If service be made in another county the writ is "an ordinary summons" and answerable as such.[8]

In conclusion: Since the affidavit in the instant case avers no ground for the fixing of special bail, "there is no reason why the court should in this instance depart from the general rule, which permits an appearance without bail in actions of trespass" and therefore no reason for the allowance of the writ.

---

[7] See the opinion of President Judge Arnold in Carroll v. Simons, 27 Pa. C. C. 29, 32, supra.

[8] See Null v. Staiger, 333 Pa. 370, 376, supra.

*Order*

And now, to wit, July 24, 1946, upon consideration of the "affidavit to hold to bail" a writ of capias ad respondendum is not allowed.