## Mason et al. v. Callahan et al.

*Chester B. Scholl*, for plaintiffs.

*Leo H. McKay*, county solicitor, for defendants.

Rowley, P. J., July 28, 1947.—This matter is before the court upon a bill in equity for an injunction

to restrain the Commissioners of Mercer County from submitting a local option referendum to the voters of Shenango Township. Plaintiffs are electors and taxpayers of said township. Defendants are the County Commissioners of Mercer County.

The bill avers:

1. That certain electors of Shenango Township filed their petition with the county commissioners requesting a referendum in Shenango Township at primary election of September 9, 1947, on the question, "Do you favor the granting of liquor licenses for the sale of liquor in Shenango Township, Mercer County, Pa.?"

2. That the petition so filed contains the signatures of only 93 qualified and registered electors of Shenango Township.

3. That the statutory provision for such a referendum requires that such a petition be signed by electors "equal to at least 25%" of the highest vote cast for any office in the township at the last preceding general election.

4. That defendant commissioners have declared their intention to place the question upon the ballot for said township at the election of September 9, 1947, notwithstanding an insufficient number of petitioners.

The bill prays for an injunction to restrain the submission of the referendum.

Defendants filed preliminary objections averring that the number of electors signing the petition was not less than the minimum required by law.

Opposing counsel filed a stipulation that the matter be heard by the court forthwith. Counsel also agreed that the facts were undisputed, and that the single question is, whether 93 petitioners are "equal to at least 25 per centum of the highest vote cast" at the last preceding general election.

In construing a statute the following principles should be kept in mind:

The provisions of a statute must be construed with reference to the object intended to be accomplished by

it even to the extent of restraining meaning of general terms in order to clearly interpret the spirit and reason of the statute: Null v. Staiger, 333 Pa. 370.

Where a statute is ambiguous in terms or fairly susceptible of two constructions, the injustice, unreasonableness, absurdity, hardship or even the inconvenience which may follow one construction may properly be considered, and a construction of which the statute is fairly susceptible may be placed on it that will avoid all such objectionable consequences and advance what must be presumed to be its true object and purpose: Ottavi v. Timothy Burke Co., 140 Pa. Superior Ct. 389.

Words and phrases are to be construed according to their common and approved usage: Statutory Construction Act of May 28, 1937, P. L. 1019.

It was agreed at the oral argument that the petition originally bore some 130 signatures and that the number was reduced to 93 upon examination by the commissioners.

Obviously, it would be impossible to present a petition signed by exactly 25 percent of 373 electors. Since 25 percent of the electors is $93\frac{1}{4}$, plaintiffs argue that petitioners must number 94. But defendants contend that in ordinary computation it is common practice to disregard any fraction less than one half, and therefore that 93, in the present circumstances, constitutes 25 percent of 373.

Since an immediate decision is required in order to permit every possible opportunity for an appeal and still afford sufficient time for preparation of the ballots, we are disposing of the matter without extended discussion. If requested, we shall amplify the matter in a supplemental opinion.

In our opinion, the challenged petition is a sufficient compliance with the statute. We reach this conclusion for two reasons: (1) In ordinary computation it is common usage to ignore a fraction less than a half, (2) the plain purpose of the statute was to permit the

electors to determine whether or not liquor licenses shall be granted within a particular municipality. In construing a statute which provides for a referendum, any ambiguity or doubtful point should be liberally interpreted in favor of the right and opportunity of the citizens to freely express their convictions in matters of vital concern. Such a construction is more consistent with our plan of government.

### Order

And now, July 28, 1947, this matter came on for argument upon preliminary objections to the bill, and same was argued, whereupon it is ordered, adjudged and decreed that the preliminary objections be sustained and the bill dismissed.