**Commonwealth v. Warner**

92

*T. Reed,* for Commonwealth.

*Herman I. Pollock,* public defender, for defendant.

OLIVER, P. J., January 22, 1954.—In this case defendant pleaded guilty to a charge of unlawful and felonious possession and use of drugs. It was then established that this was his third offense. The Commonwealth therefore insisted that the court impose upon defendant a sentence of 10 to 30 years and a fine, in accordance with the amendment to the Drug Act of June 19, 1953, Act No. 58, 35 PS §865, which reads in part as follows:

*"Possession, sale, etc., of drugs in violation of act made a felony—Penalties upon conviction—For a first offense—Second offense—Third or subsequent offense.*

"Section 12.

"(a) Any person who possesses, sells, dispenses or gives away any drugs in violation of the provisions of this act shall be guilty of a felony; and, upon conviction thereof, shall be sentenced as follows: For a first offense, to pay a fine not exceeding two thousand dollars ($2000) and to undergo imprisonment of not less than two (2) years and not exceeding five (5) years; for a second offense, or, if in case of a first conviction of violation of any provisions of this act, the offender shall previously have been convicted of any violation of the laws of the United States or of any other state, territory or district relating to drugs, to pay a fine not exceeding five thousand dollars ($5000) and to undergo

imprisonment of not less than five (5) years and not exceeding ten (10) years; and for a third or subsequent offense, or if the offender shall previously have been convicted two or more times in the aggregate of any violation of the law of the United States or of any other state, territory or district relating to drugs, to pay a fine not exceeding seven thousand, five hundred dollars ($7500) and to undergo an imprisonment of not less than ten (10) years and not exceeding thirty (30) years.

"Except in the case of conviction for a first offense for violation of the provisions of this subsection, the imposition or execution of sentence shall not be suspended and probation or parole shall not be granted until the minimum imprisonment herein provided for the offense shall have been served."

Whether or not such sentence shall be imposed depends upon the proper meaning of the word "possesses" as used in the amendment. It has long been established that words must be interpreted according to their context. The same word does not always have exactly the same meaning. This thought was beautifully expressed by Mr. Justice Holmes in Towne v. Eisner 245 U. S. 418, 425, wherein he said:

"But it is not necessarily true that income means the same thing in the Constitution and the act. A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used."

It is obvious that, if the word "possesses" is interpreted broadly enough to include any possession, however trivial, our courts would be required to impose a sentence of 10 to 30 years upon every hapless drug addict found for the third time to have a single capsule in his possession, or even a dropper still containing the

residue from his last injection. Drug users are commonly regarded by physicians and by the courts as sick persons. The objective of any sentence imposed is ordinarily to afford the unfortunate defendant an opportunity to be cured of his evil habit. A sentence of 10 to 30 years, together with a fine, not exceeding $7,500, in such cases, in our opinion, would constitute cruel, unusual and excessive punishment. Any act imposing it would necessarily violate article I, sec. 13, of our State Constitution and the eighth amendment to our Federal Constitution, both of which expressly prohibit such penalties.

If there are two possible constructions applicable to a statute, that one must be adopted which will conform to the Constitution: Pennsylvania Company, etc., v. Scott, 346 Pa. 13 (1942) ; Rowell's Estate, 315 Pa. 181, 188. All laws should receive sensible construction, general terms therein should be so limited in application as not to lead to injustice, oppression, or absurd consequences, and reason of law should prevail over its letter: McGregor Estate v. Young Township, 350 Pa. 93; Null v. Staiger, 333 Pa. 370.

We have been informed in this case by the Commonwealth, without objection on behalf of defendant, and may take judicial cognizance of the fact, that there are two classifications of sellers in the drug racket. There is the top seller who buys the drugs by the thousand dollars' worth. He is never a user. He distributes his purchases among the "pushers", established users who, in order to obtain free drugs for their own use, peddle them in small quantities to friends and acquaintances. Obviously, the pusher is an essential cog in the machinery of distribution. Then, below them, we have the unfortunate users.

If, in an attempt to ascertain what the legislature had in mind, we look at the Amendment of August 10,

1951, P. L. 1198, sec. 1, which was changed by the Amendment of June 19, 1953, now before us, we find that the earlier amendment did not contain the word "possesses". It covered "Any person who sells, dispenses or gives away any drugs" in violation of the Drug Act. This is a clear indication that the object of legislative severity was really the seller. But, in actual trials, it is often impossible to convict a defendant of selling, etc., even though the drugs are found in his possession in such quantity as to lead to the firm conclusion that he is in fact a seller or dispenser. It was, we believe, to close this gap that the word "possesses" was inserted in the 1953 amendment.

Therefore, interpreting the word "possesses" in its context, we find that it means possession in such quantities or under such circumstances as to create a strong inference that the possessor is in fact actually engaged in the business of selling or dispensing drugs in violation of the Drug Act. So interpreted, the amendment in our opinion does not conflict with either our State or our Federal Constitution.

In applying this interpretation to the case before us, we find that defendant was convicted of selling drugs in 1952. He had also pleaded guilty on two prior occasions, in 1948 and 1950, to unlawful possession and use. In the case before us, while he pleaded guilty only to unlawful possession and use, the facts show that he had in his possession, when arrested on November 29, 1953, 23 capsules, worth $3 each, of the kind usually sold to addicts, that he did not work and had no known means of support. We find from the possession of such a substantial number of capsules, under such circumstances, that this defendant was in fact a "pusher" or peddler of drugs. Accordingly, this is defendant's second offense within the meaning of the Amendment of June 19, 1953 as we have interpreted that amendment in this opinion.

We do not agree with the contention of defendant's counsel that the enhanced penalties, provided for by this amendment of June 19, 1953, apply only to cases involving prior convictions for offenses committed subsequent to the adoption of the amendment.

It is not necessary to discuss defense counsel's additional contention that the legislature cannot deprive our courts of the power to suspend a sentence, if the court deems such suspension proper. We believe the sentence imposed in this case is proper and we have no desire to suspend it.

We are, therefore, sentencing defendant to imprisonment in the county prison for a term of not less than five years and not exceeding 10 years, and to pay a fine of $500.