### Roberts v. Pearson

*Marsh, Spaeder, Baur & Spaeder*, for plaintiff.
*Edward H. Carney*, for defendant.

LAUB, J., September 7, 1954.—Defendant is confined in the Erie County Prison in default of $3,000 bail. He was arrested upon a capias ad respondendum issued at the instance of plaintiff, his mother-in-law, and now seeks to be discharged from custody. Specifically, he has petitioned us to set aside service of the writ because he was enticed and induced to return to Erie County from Conneaut, Ohio, through fraud and deception. The petition and the testimony taken in support thereof are now before us for consideration.

From the testimony given at the hearing it seems an inescapable conclusion that defendant was, in fact, enticed into Pennsylvania by his mother-in-law in order that he might be arrested upon the capias. The evidence disclosed that at the time of the motor vehicle accident which prompted plaintiff's action, defendant and his wife were at odds. After the accident in which

the mother of defendant's wife was injured, a dispute arose between them concerning damages to be paid to Mrs. Roberts and the procurement of money for a brace. Defendant, who was the driver of the vehicle, had no liability insurance and showed no inclination to pay the damages. This prompted his wife to order him from the house. He left and returned to Conneaut, Ohio, his former home.

On July 27, 1954, plaintiff issued the capias. Sometime thereafter a number of telephone calls were made to defendant at his home and place of business in Conneaut. There was a dispute as to which party made the first call but, in the light of what transpired subsequently, this is a matter of no consequence. At any rate, the result of the telephone conversations was an arrangement whereby defendant was to return to Pennsylvania to secure his clothes which he had left behind when he was asked to leave his wife's home. The first arrangement called for him to pick up his clothes at a restaurant in Girard. Defendant, being suspicious that he might be arrested upon his return to Pennsylvania, sent a relative to get his belongings. They were not procured because the keeper of the restaurant refused to deliver them to anyone but defendant. The second arrangement was for defendant to secure his clothes at a restaurant situate at the junction of U. S. Routes 5 and 20, about a mile inside the Pennsylvania line. The rendezvous was set for the evening of August 12, 1954. It must be noted in passing that plaintiff had urged defendant to secure his clothes because they were about to be levied on by his Pennsylvania landlord.

On August 12, 1954, plaintiff called a deputy sheriff of this county and notified him that defendant was to be at the Plaza restaurant, the rendezvous, that evening. She, her daughter and a male companion went to the Plaza restaurant and waited for defendant's

appearance. In the meantime defendant had driven to the State line but remained in his car on the Ohio side. He dispatched his sister and her boy friend in another car to the Plaza restaurant to notify plaintiff that he would not come there. When this was done, plaintiff, her daughter and the male companion drove to the State line and parked on the Pennsylvania side. Plaintiff got out of the car and walked over into Ohio and got in defendant's vehicle to talk to him. There she persuaded him to come to the Plaza restaurant to have a sandwich and a cup of coffee, stating that she had not sworn out a warrant for his arrest and that she wanted merely to part friends with him. Defendant told her of his suspicions that he would be arrested if he came into Pennsylvania and she told him that he need not be afraid, that she had not sworn out a warrant, and that she had never lied to him. Defendant finally became convinced, drove to the Plaza restaurant and was immediately seized by the deputy sheriff on the capias and shortly thereafter by the State police who also had three motor vehicle violation warrants against defendant arising from the accident which brought about plaintiff's injuries. The motor vehicle cases have since been disposed of.

From this testimony it is apparent that defendant was brought into Pennsylvania by artifice and false inducements, and the question then remains whether this entitles him to have the service of the writ set aside.

Although there seems to be a paucity of appellate court decisions on the question herein raised, 1 Standard Pa. Practice 453 states flatly that a service is illegal where defendant is induced by false representations of plaintiff, or someone acting for him, to come into the jurisdiction in order that an opportunity to obtain service upon him may be had. In support of this statement it cites Trattner v. Forman, 10 Dist.

R. 566; Harbison-Walker Refractories Co. v. Fredericks, 12 Dist. R. 419; Hostetter v. Hirsch, 14 Lanc. 110; Fry v. Gheen, 14 Lanc. 112; Hevener v. Heist, 9 Phila. 274; Sloan v. Green, 7 W. N. C. 408 and Wood v. Commonwealth Guarantee & S. D. Co., 14 W. N. C. 127, in none of which is there a reference to a four-square, appellate court precedent. Further, a careful scrutiny of the opinions just cited does not reveal the reason behind the rule except the reason suggested by Judge Livingston in Hostetter v. Hirsch, 14 Lanc. 110. He states, page 111:

"The maxim that fraud vitiates everything is applicable to the service of process obtained by decoying or enticing one into a jurisdiction for the purpose of securing service." This seems to be the foundation of the rule in Pennsylvania for, in Crusco v. Strunk Steel Co. et al., 365 Pa. 326, it was the basis for setting aside service upon an individual who was brought into the court's jurisdiction by criminal process and there served with a summons in a civil proceedings. Mr. Chief Justice Drew decided for the Supreme Court that such service will be "set aside as a fraud on the court," and that: "This abuse of process cannot be condoned, and therefore it was proper to set the service aside."

The rule makes no distinction between service of ordinary process and service of a capias. In Hayes v. Shields 2 Yeates 222, the Supreme Court in a per curiam opinion stated: "The distinction between writs of summons and capias is not solid. . . ." In that case a party litigant delayed one day in settling the costs of a previous case. While in the process of so doing he was served with a summons in trespass which the court set aside on the ground of privilege. However, if any distinction should be made, it should be in favor of strict compliance with the law in the service of a capias. In Null v. Staiger, 333 Pa. 370, where a

defendant was improperly arrested on a capias ad respondendum by a deputized sheriff in Dauphin County upon process issued out of Mifflin County, the Supreme Court said, page 373:

"A capias ad respondendum has a twofold purpose, to wit, (1) to notify the defendant to defend the suit, and (2) to procure his arrest until security for the plaintiff's claim is furnished: 6 C. J. S. 672. Its operative effect goes much beyond that of an ordinary summons, the object of which is to bring the defendant into court and subject him to jurisdiction: 50 C. J. 447. Consequently the issuance and operation of a capias has necessarily been the subject of careful and detailed statutory regulation." The detention of the person for debt has grown in disfavor among the American peoples and in those few remaining instances where it is allowed care should be taken that there be the strictest sort of compliance with the principles of fair play and conscionable conduct. Certainly the court should not become a party to any device which makes the administration of justice depend upon dishonest or covinous ingenuity.

It must be noted that by discharging defendant from custody and setting aside the service, plaintiff is not being deprived of her day in court. The Act of May 14, 1929, P. L. 1721, no. 563 sec. 1, as amended, 75 PS §1201, and Pa. R. C. P. 2077 and 2079 establish an adequate and facile means of serving defendant with ordinary process.

## Order

And now, to wit, September 7, 1954, the rule entered August 27, 1954, to show cause why service of the capias ad respondendum should not be set aside is made absolute, the service is set aside and defendant is ordered discharged from custody unless held for other sufficient reasons.