## Manigly v. Jefferson

*I. J. Kopf*, for plaintiff.

*J. B. H. Carter* and *J. J. McDevitt*, for defendants.

OLIVER, P. J., May 11, 1956.—This case is before us on defendant's motion for judgment n. o. v. and motion for new trial. We have decided to deny defendant's requests.

On February 6, 7 and 8, 1956, a trial in this matter before Oliver, P. J., and a jury, resulted in a verdict for plaintiff in the sum of $10,000.

This action arose out of an automobile accident on September 7, 1953, on route 30, the White Horse Pike, near Berlin, N. J. At about 7 a.m. on that date, plaintiff was driving a station wagon northward at about 25 miles per hour in the northbound lane of route 30, which is a 30-foot wide highway divided into three lanes separated by white lines. At the same time defendant's decedent was driving southward on route 30. His car was straddling the white line between the center lane and the southbound lane, and was coming

straight down the highway. When this car came to within two or three car lengths of plaintiff's vehicle, it made a left turn across the highway in front of that vehicle, for the purpose of driving into a New Jersey State Police barracks. At the point where this turn was made there is no cross street, lane or highway. Although plaintiff immediately applied his brakes, this improper left turn resulted in a collision between the two vehicles in the center of the northbound lane, in which plaintiff was driving.

Plaintiff produced as a witness his brother, Nicholas Manigly, who was a passenger in plaintiff's station wagon at the time of the accident. This witness testified as follows: Plaintiff's station wagon was proceeding on the extreme right of the northbound lane at a speed of 25 miles per hour. The witness first saw decedent's car when it was 200 feet away. It was then headed south and was straddling the white line between the southbound and the center lanes. The witness again saw decedent's car when it was only two car lengths away from plaintiff as it was making a left turn directly across the path of the station wagon. The right front of plaintiff's vehicle struck the right front of decedent's car.

A New Jersey State trooper, James E. Savage, testified that he was in the police barracks at that time and heard the collision. He immediately came out and found debris and glass in the middle of the northbound lane. Plaintiff's station wagon was then facing north in that lane about 30 feet beyond that point of impact, plaintiff driver having been severely injured in the collision. Decedent's car was about 20 feet from the point of impact, and was off the edge of the northbound side of the highway, facing west, having been partially turned around by the collision. Examination by the officer showed that the front of plaintiff's vehicle had struck the right side of decedent's car.

Defendant did not introduce any evidence to contradict any of the testimony produced by plaintiff.

The appropriate New Jersey statute provides that, before "turning from a direct line, the driver of any vehicle on a highway shall first see that such movement can be made in safety, and, . . . when the operation of another vehicle may be affected by the movement, give a signal, . . . plainly visible to the driver of the other vehicle . . . of the intention to make such movement": 39 New Jersey Statutes Annotated, 4-126.

New Jersey State trooper Savage further testified that in his presence on September 17, 1953, *10 days after the accident, decedent returned to New Jersey accompanied by counsel and before a magistrate pleaded guilty to making an improper turn.* That testimony was admitted as an admission against interest made by the deceased driver at a time when he had returned to New Jersey for a hearing and was represented by counsel. Defendant contends that the admission of this testimony was contrary to Pennsylvania law and violates the public policy of this Commonwealth.

Although the accident occurred in New Jersey, the manner and method of proving plaintiff's case must be determined by Pennsylvania law. "The law of the forum determines the admissibility of a particular piece of evidence": Restatement of the Law of Conflict of Laws §597.

Defendant relies on the Pennsylvania Act of May 11, 1949, P. L. 1197, sec. 1, 75 PS §738.1, to support his contention. It provides:

"A plea of guilty or nolo contendere, or payment by any person *charged with a violation of this act* of the fine and costs prescribed for such violation after such a plea in any summary proceedings before a magistrate, shall be *inadmissible as evidence in every*

*civil proceeding arising out of the same violation* or under the same facts or circumstances: Provided, That, the provisions of this section shall not be applicable to administrative or judicial proceedings involving the suspension of a motor vehicle operating privilege, learner's permit, or right to apply for a motor vehicle operating privilege, or the suspension of a certificate of appointment as an official inspection station, or the suspension of a motor vehicle, tractor, or trailer registration." (Italics supplied.)

In answer to defendant's contention, we point out that the decedent was *not* "charged with a violation of" the Pennsylvania statute above cited, and that the civil proceeding before us did *not* arise out of any violation of that statute. Therefore, we find this statutory prohibition inapplicable to the instant case.

There were two reported Pennsylvania cases prior to 1949 in which our courts upheld the admission in a civil trial of a prior plea of guilty. In the case of Smith v. Kurtz, 34 D. & C. 439, 444-45 (1939), it was said:

". . . As a general rule, the evidence of a conviction of a criminal offense may not be used in a civil suit. However, there is a distinction where a defendant entered a plea of guilty to a criminal offense involving the same facts and circumstances. In such cases, it has been generally held that a plea of guilty in a criminal case on which judgment had been pronounced may be received in a subsequent civil action as *an admission against interest* . . .". (Italics supplied.)

In Lees v. Yeager, 68 D. & C. 109, 112 (1949), the court said:

"If the plea of guilty could have been properly proved, we think it relevant as any admission by defendant relevant to the case, would have been properly admitted."

4 Am. Jur. §156, pp. 199, 200, states that the general rule, against admission of the record of a prior criminal trial, "is subject to the qualification that if in the criminal trial the defendant pleaded guilty to the commission of the act charged, this may be introduced in evidence on the civil trial. *Such a plea is an admission by him of a solemn character*". This section of Am. Jur. is cited by Chief Justice Maxey in Nowak v. Orange, 349 Pa. 217 (1944) at p. 218. (Italics supplied.)

Thus, prior to the 1949 amendment of the Pennsylvania Vehicle Code relied upon by defendant, the common law in this State permitted such evidence in a civil case as an admission against interest, which is precisely the ground upon which the above evidence of Trooper Savage was admitted in these proceedings.

In Panik v. Didra, 370 Pa. 488 (1952), at p. 494, it was held:

"As the information contained in the defendant's report of the accident to the police was unprivileged, it was like any other declaration against interest so far as its competency as evidence against him is concerned."

There are no reported cases interpreting the above section of the Pennsylvania Vehicle Code, and none has been cited to this court. Therefore, we must determine the legislative intent and purpose in such an enactment.

The 1949 amendment to the Pennsylvania Vehicle Code is limited on its face to "a violation of this act". To contend that this provision enunciates a strong public policy against the admission of any and all pleas of guilty, no matter where and under what circumstances they were made, is not consistent with the above limitation.

In addition, since this amendment is in derogation of the common law prior to its enactment, the statute

must be construed strictly and applied only to cases involving violations of the Pennsylvania Vehicle Code. "We have . . . many times held that statutes in derogation of common law principles . . . are subject to a strict construction": Null v. Staiger, 333 Pa. 370 (1939), p. 373.

We are convinced that this provision of the Pennsylvania Vehicle Code was designed primarily to eliminate the admission of pleas of guilty which are not in fact really admissions of negligence, such as occur where a motorist pleads guilty immediately upon arrest and pays the fine in order to avoid the expense and delay of having to return at a later date to a hearing before a magistrate at an inconvenient time and in an inconvenient location. It is significant in the instant case that decedent returned from Pennsylvania to Berlin, N. J., accompanied by counsel, 10 days after the accident and then and there made his plea. It was truly an admission *against* interest.

Finally, under the circumstances of this case, we cannot conclude that the admission of the plea of guilty of making an improper turn, so made by decedent, constituted prejudicial error. The negligence of decedent was clearly evident. In fact, it was not seriously denied at the trial or in the briefs subsiquently submitted by counsel for defendant. Defendant's complaint is that the admission of this testimony was prejudicial on the ground that it removed from the jury's consideration the question of plaintiff's contributory negligence.

A review of the trial judge's charge refutes that contention. At the beginning of his charge, the trial judge stated: ". . . In order for the plaintiff to recover, he must establish that the accident happened through negligence on the part of the defendant and without any negligence on his own part, because our law is that, if the plaintiff was himself negligent and.

his negligence contributed to the accident, he cannot recover." At the conclusion of the charge, the trial judge again reminded the jury that plaintiff could not recover if his negligence contributed in any way to his injuries or to the accident.

We cannot believe that evidence of the mere admission by decedent of something which was obviously and unquestionably true could possibly have so distracted the jury that it failed to pass upon the question of contributory negligence, as it was so clearly instructed to do by the trial judge.

We find that no error was committed in admitting the plea of guilty, and that, in any event, under the circumstances of this case, defendant was not prejudiced by its admission.

*Order*

And now, to wit, May 11, 1956, defendant's motion for judgment n. o. v. and motion for new trial are denied.